on his oath, he cannot answer without disclosing a fact which may be material and important evidence to criminate himself, as participator in the same offence for which the defendant stands indicted; provided the court should be of opinion that no direct answer to the question could furnish evidence against the witness.

[Followed in Devaughn's Case, Case No. 3,837. Cited in U. S. v. Baugh, 1 Fed. 787.]

Indictment [against Samuel Miller] for fighting a duel with one R. Smith. Doctor John A. Kearney, a witness for the United States, was asked whether he saw the defendant shoot at Smith. The witness objected to answer, and said that he could not answer the question without disclosing a fact which might be material and important evidence to criminate himself as participator in the same offence for which the prisoner then stood indicted.

Mr. Jones, for defendant, in behalf of the witness, contended that he was not bound to answer the question, because it might compel him to disclose a fact which would be a necessary link in the chain of evidence to support a prosecution against himself, if such a one should be instituted, for being concerned in the same misdemeanor, and cited the opinion of Chief Justice Marshall, in Burr's Case [Case No. 14,693], in which he says: "The gentlemen of the bar will understand the rule laid down by the court to be this: It is the province of the court to judge whether any direct answer to the question which may be proposed will furnish evidence against the witness. If such answer may disclose a fact which forms a necessary and essential link in the chain of testimony which would be sufficient to convict him of any crime, he is not bound to answer it so as to furnish matter for that conviction. In such a case the witness must himself judge what his answer will be; and if he says on oath that he cannot answer without accusing himself, he cannot be compelled to answer." Mr. Jones also cited St. 46 Geo. III. c. 37; Peake, Ev. 128, 134, 138, 139, 160, 161, 167, 184; Phil. Ev. 206; Rex v. Edwards, 4 Term R. 440; Rex v. Inhabitants of Castell Careinion, 8 East. 77; Cooke's Case, 1 Salk. 153, 4 State Tr. 748; Lord Geo. Gordon's Case, Doug. 593; Title v. Grevett, Ld. Raym. 1008; Oates v. Hardacre, 3 Taunt. 424; People v. Herrick, 13 Johns, 82; U. S. v. Burr [Case No. 14,693]; 4 Bl. Comm. 329; 1 Hale, P. C. 301; McNal. Ev. 256. The fact that the witness was present at the duel was a fact which it would be necessary to prove upon a prosecution against him for being concerned in the misdemeanor. He could not answer the question affirmatively, therefore, without furnishing matter for his conviction.

THE COURT, however (CRANCH, Chief Judge, contra), was of opinion that no direct answer to the question could furnish evidence against the witness, and that he was bound to answer it. This the witness still refused

to do; and THE COURT committed him for the contempt. He petitioned the supreme court of the United States for a writ of habeas corpus, at February term, 1822, but it was refused upon the ground that that court had no appellate jurisdiction in criminal causes. [Ex parte Kearney] 7 Wheat. [20 U. S.] 38.

## Case No. 15,773.
UNITED STATES v. MILLER.
[4 Cranch, C. C. 104.] [1]
Circuit Court, District of Columbia. Dec. Term, 1830.

GAMING—KEEPER OF HOUSE—EVIDENCE.

1. Evidence of the declaration of another person, that he was the guilty person, cannot be given.

2. Evidence that the defendant dealt the cards, at faro, is prima facie evidence that he kept the house.

Indictment [against Henry Miller] for a nuisance in keeping a public gaming-house.

Mr. Coxe and Mr. Dandridge, for defendant, offered evidence of the declaration of another person, that he was the keeper of the house and gaming-table.

The United States attorney objected, and THE COURT refused to receive the evidence. THE COURT, also, (CRANCH, Chief Judge, absent) instructed the jury that dealing the cards, as keeper of the faro-table, was prima facie evidence that such dealer was the keeper of the house.

## Case No. 15,774.
UNITED STATES v. MILLER.
[3 Hughes, 553.] [2]
Circuit Court, E. D. Virginia. Jan. 22, 1878.

CONSPIRACY—INDICTMENT AGAINST ONE ONLY.

If an indictment founded upon section 5440 of the Revised Statutes of the United States charges a conspiracy by two or more persons, but is an indictment of one only of such persons, it is good on demurrer.

[Cited in U. S. v. Baugh, 1 Fed. 787; U. S. v. Smith, 40 Fed. 757; Ex parte Wilson, 114 U. S. 425, 5 Sup. Ct. 939.]
[Quoted in People v. Richards, 67 Cal. 421, 7 Pac. 834.]

Information [against Henry Miller] for conspiracy to defraud the United States.

On demurrer to the information for not joining other conspirators as co-conspirators, the court (HUGHES, District Judge) said:

The information is founded upon section 5440. That section makes the conspiring by two or more persons to defraud the government a punishable offence, and declares the commission of any act intended to effect the