State v. Evans.

————o————

THE STATE OF MISSOURI, Respondent, *vs.* HENRY EVANS, Appellant.

1. *Practice, criminal—Jurors, competency of.*—The examination of jurors in a certain cause showed that they had not formed or expressed an opinion concerning any material fact in controversy, which would influence their judgment, and were not related to the party. *Held* to be competent.

2. *Practice, criminal—Evidence—Who the perpetrator—Admissions of third parties.*—In a criminal case, the defendant cannot introduce the admissions of a third party tending to show that such party, and not the defendant, committed the crime charged.

3. *Practice, criminal—Reasonable doubt, what is.*—A "reasonable doubt" of defendant's guilt, such as will justify an acquittal, must be a substantial doubt of guilt and not a mere possibility of innocence.

*Appeal from Buchanan Circuit Court.*

*Masterson, Thomas & Tyler,* for Appellant.

The admissions of Conner were admissible in evidence as part of the *res gestæ.*

*H. Clay Ewing, Att'y Gen'l,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted for and convicted of arson in

the second degree (1 Wagn. Stat., 453, § 3), in setting fire to and burning the office of John C. Bender, which was situated adjoining to the inhabited dwelling house of John A. Lewis.

The indictment is not liable to any valid objection. The offense set out is charged in the language of the statute, and that is sufficient.

When the jury was being impaneled, the defendant proposed asking the following question of the jurors: "Has any one of you ever had his house burnt, or attempted to be burnt by an incendiary? If so, would that fact tend to prejudice you against the defendant in making up your verdict herein?" The court refused to allow this question to be put to the jurors, and the defendant excepted. There can be no question as to the correctness of the decision. If they had not formed or expressed an opinion concerning any material fact in controversy, which would influence their judgment, and they were not related to the party, then they were unexceptionable and competent to serve upon the jury. An attempt was made by the defendant to introduce the admissions of a third party, tending to show that it was that party that committed the crime and not the defendant. This evidence the court ruled out, and it was clearly right in doing so. The evidence was mere hearsay, and under no circumstances was it admissible.

The only objection to the instructions is in the manner of the court's defining what constituted a reasonable doubt. The defendant asked a declaration that, if from all the evidence in the case the jury have a reasonable doubt of defendant's guilt, they will acquit him. This declaration the court refused; but gave an instruction telling the jury, that, if from all the evidence in the case they have a reasonable doubt of defendant's guilt, they will acquit. But such a doubt, to authorize an acquittal, must be a real and substantial doubt of defendant's guilt, and not a mere possibility of his innocence. This instruction given by the court has been so often approved in the practice of this State, and its correctness is so thoroughly established, that it would be idle to cite authorities in its support.

There is nothing in this case. The rulings of the court below were correct throughout, the jury found the defendant guilty upon sufficient evidence, and the judgment must be affirmed.

The other judges concur.