### JAKE SCHWARTZ *v.* THE STATE.

*No. 756.  Decided November 4.*

**Occupation Tax—Liquor Dealer—Failure to Post License—Statute Construed.**—The Act of April 4, 1887, provides, that any person required to pay an occupation tax as a retail liquor dealer, shall post and keep posted in his place of business, in a conspicuous place, his occupation license for the tax due the State, county, and city; and it is to be posted before the business is carried on, under penalty of double the occupation tax, each day's violation being a separate offense. *Held:*

1. The act applies specially to retail liquor dealers, and was intended to enforce prompt payment of their occupation tax.

2. If such liquor dealer begins or carries on his business a single day, without the license duly posted, he is in violation of the law, and does so at his peril.

APPEAL from the County Court of Brazos. Tried below before Hon. W. H. HARMAN, County Judge.

The indictment charged that appellant did, on the 4th day of March, 1893, engage in and pursue the occupation of selling spirituous liquors, in quantities less than a quart, without posting and keeping posted his occupation license in a conspicuous place at his place of business. At the trial he was convicted, his punishment being assessed at a fine of $1200.

The facts are sufficiently stated in the opinion.

*Spencer Ford*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State

SIMKINS, JUDGE.—Appellant was convicted of pursuing the occupation of a retail liquor dealer without posting up his license in his place of business, and was convicted, and his fine assessed at $1200, from which he appeals.

Appellant was convicted under the Act of April 4, A. D. 1887, which declares, that any person required to pay an occupation tax as a retail liquor dealer, shall post and keep posted in his place of business, in a conspicuous place, his occupation license for the tax due the State, county, and city; and it is to be posted before the business is carried on, under the penalty of double the amount of the occupation tax; and each day's violation is a separate offense.

The evidence shows, that the appellant was engaged in retailing liquor from March 1, 1893, to March 15, 1893, without paying the occupation taxes, and consequently without obtaining a license. The city tax of $150 was paid on the 1st of March, and the State and county tax, aggregating $450, was paid on the 15th of March. The indictment, presented on the 20th of March, charged a failure to post the license as required by law, on the 4th of March, 1893. Appellant insists, that if guilty of any offense, it is that of pursuing an occupation without first obtaining a license, as defined by Penal Code, article 110. That he can not be convicted for not posting up a license, because he had not procured one to post up. There is nothing in the contention. Article 110, Penal Code, applies to all occupations, but the Act of April 4, 1887, applies specially to the retail liquor dealer, and is intended to force a prompt payment of his occupation tax by requiring a public exhibit of his license before he begins business. If, then, he begins or carries on his business a single day without the license duly posted, he does so at his peril. The act is plain. Its terms are unequivocal.

We find no reversible error in the charge, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.