## H. J. MAYS V. STATE OF NEBRASKA.

FILED DECEMBER 7, 1904. No. 13,683.

1. **Forgery: EVIDENCE.** Where, on the trial of a person accused of ut-
tering a forged check, the prosecuting witness positively identified
the defendant as the one who gave him the check, and his evi-
dence was corroborated by another witness who was present when
the check was cashed, and by the facts and circumstances sur-
rounding the transaction, it cannot be said that such identifica-
tion was not sufficient to sustain a conviction.

2. **Alibi: PROOF.** A defendant, to establish an *alibi* must not only show
he was present at some other place about the time of the al-
leged crime, but also that he was at such other place such a
length of time that it was impossible for him to have been at
the place where the crime was committed, either before or after
the time he was at such other place.

3. **Hearsay Evidence.** The testimony of a witness that a third person
had stated to him that he was guilty of the crime of which the
defendant was accused is hearsay evidence, and therefore not
admissible.

4. ————: **WRITTEN STATEMENT.** An ordinary written statement of
such third person that he committed the crime in question,
which is not sworn to, and is not preserved in the form of a
deposition, is not competent evidence, and should not be received
as a defense to the prosecution.

5. **Instruction: REASONABLE DOUBT.** We decline to approve of the in-
struction given in this case defining a reasonable doubt as set
forth in the opinion herein, but in view of our former decisions
we cannot reverse the judgment herein for the giving of that
instruction. *Lillie v. State, ante,* p. 228, followed.

ERROR to the district court for Buffalo county: BRUNO
O. HOSTETLER, JUDGE. *Affirmed.*

*William Gaslin* and *Frank E. Beeman,* for plaintiff in
error.

*Frank N. Prout, Attorney General,* and *Norris Brown,*
contra.

BARNES, J.

The state prosecuted one H. J. Mays, in the district court for Buffalo county, on an information containing two counts. The first count charged him with forging a certain check purporting to be signed by one Martin Bleck, on the City National Bank of Kearney, Nebraska, for the sum of $57; and the second count charged him with uttering and passing said forged check, knowing the same to have been forged. The trial resulted in a verdict of not guilty on the first count, and guilty as charged in the second count. After overruling defendant's motion for a new trial, the court sentenced him to be confined in the state penitentiary for a period of three years, and pay a fine of $100, together with the costs of the prosecution. From that judgment he prosecutes error.

1. The accused contends that the evidence is not sufficient to sustain the verdict, because of an alleged failure to identify him as the person who passed the check on the prosecuting witness. He also claims that the evidence establishes an *alibi;* and these assignments of error will be considered together. An examination of the evidence contained in the bill of exceptions discloses that the prosecuting witness, Switz, positively identified the accused at the jail, the next day after he was arrested, as the man for whom he cashed the check; that he again identified him as positively at the trial, and gave such a circumstantial account of the transaction by which he took the check from the accused in payment of a small purchase of goods, and paid him the difference of $38 in cash, as to leave no reasonable doubt that the accused was the person who uttered the check. Again, the witness Johnson, who was present at the time the check was cashed, positively identified the accused as the person who passed it on the complaining witness. In addition to the testimony of these witnesses, other corroborating facts and circumstances were shown, so we are of the opinion that the

identification of the accused as the person who uttered the check in question was complete.

We have carefully examined the evidence to ascertain what it shows on the question of the *alibi* contended for by counsel, and we are unable to sustain that contention. No witness fixes the whereabouts of the accused at any particular place, at any exact point of time; no one pretends to definitely fix the time of the events detailed by his evidence, and it appears that, after the accused was first seen on the evening the check was uttered, there was plenty of time, before he was arrested, for him to have visited all of the places where he was seen, or where he claims to have been on that occasion. The rule is that "A defendant, to establish an *alibi*, must not only show he was present at some other place about the time of the alleged crime, but also that he was at such other place such a length of time that it was impossible for him to have been at the place where the crime was committed, either before or after the time he was at such other place." *Klein v. People,* 113 Ill. 596. So we are constrained to hold that the evidence was amply sufficient to sustain the verdict.

2. Counsel for the accused further contend that the court erred in excluding the evidence of an alleged confession of one Harry Wilson, who seems to have been acting with the defendant in the transactions leading up to the commission of the crime of which he was convicted. It appears that Wilson had broken jail, and was then, and still is, at large, a fugitive from justice. He told the defendant's counsel and another that he was the one who uttered the check; and left a written statement to that effect when he made his escape. At the trial counsel offered to prove Wilson's statement by his own evidence, which offer was excluded. No authority need be cited to show that this evidence was hearsay, pure and simple, and was properly excluded for that reason, if for no other.

As to the written statement, it was not sworn to, was not preserved in the form of a deposition, nor did it

possess any of the elements which would render it competent evidence for any purpose whatever, and the court did not err in excluding it.

3. Error is also assigned for the giving of paragraph No. 13, of the court's instructions, as follows:

"A reasonable doubt, as used in these instructions, to justify an acquittal must be a reasonable one arising from a candid and impartial investigation of all the evidence in the case. A doubt produced by undue sensibility in the mind of any juror in view of the consequences of his verdict is not a reasonable doubt, and the jury is not allowed to create sources or materials of doubt by resorting to trivial or fanciful suppositions and remote conjectures as to a possible state of facts differing from those established by the evidence. You are not at liberty to disbelieve as jurors, if from all the evidence you believe as men. Your oath imposes on you no obligation to doubt where no doubt would exist if no oath had been administered. If, after a careful and impartial examination and consideration of all the evidence in the case, you can say that you feel an abiding conviction of the guilt of the defendant, and are fully satisfied to a moral certainty of the truth of the charge made against him, then you are satisfied beyond a reasonable doubt."

The principles enunciated in this instruction have been approved by us. See *Willis v. State,* 43 Neb. 102. About two years after the opinion in that case was filed, Commissioner IRVINE, in *Barney v. State,* 49 Neb. 515, in discussing this instruction said:

"Whenever a court undertakes to define a reasonable doubt, it opens the way to a vast amount of speculative reasoning without any very practical application. As said by Judge Thompson, in his work on Trials: 'All the definitions are little more than metaphysical paraphrases of an expression invented by the common law judges, for the very reason that it was capable of being understood and applied by plain men in the jury box.' (2 Thompson, Trials, sec. 2463.) The writer very much doubts whether

any confusion has ever existed in the mind of a juryman in regard to the meaning of the term, except where that confusion has arisen from such attempts to define the term."

So it appears that by our later holdings we have disapproved of this form of instruction, but have declined to reverse a case simply because it was given to the jury. Again, it was said in *Lillie v. State, ante*, p. 228, after quoting from the language of Mr. Commissioner IRVINE, above quoted:

"The instruction may be deserving of some of the criticism it has provoked, but in view of the former decision of this court, we cannot reverse this judgment solely on account of the giving of this instruction." ·

So, while we do not approve of the instruction, we feel bound by the doctrine announced in our later decisions, and we cannot reverse the judgment in this case solely on the ground of giving this instruction.

A careful examination of the bill of exceptions satisfies us that no error was committed by the trial court in the admission or exclusion of evidence. The record discloses no reversible error, and the judgment of the district court is therefore

AFFIRMED.