### Annie Greenwood v. The State.

#### No. 5223.    Decided February 12, 1919.

**1.—Theft—Charge of Court—Theory of Defense.**

Where, upon trial of theft, defendant testified that she picked up the pocketbook and gave it to a person whom she did not know, and the court submitted this theory of the defense in a proper charge, there was no reversible error.

**2.—Same—Hearsay Evidence.**

Where, upon trial of theft, the alleged testimony offered by the defendant was clearly hearsay, there was no error in sustaining an objection thereto. Following Bowen v. State, 3 Texas Crim. App., 617, and other cases.

**3.—Same—Evidence—Imputing Crime to Another.**

While it is competent to prove that another committed the offense, such proof must be made by legal evidence. Following Dubose v. State, 10 Texas Crim. App., 230.

**4.—Same—Evidence—Examining Trial.**

Upon trial of theft, there was no error in sustaining an objection to the reproduction of the evidence given by the accused on the examining trial, and which was offered as original testimony.

**5.—Same—Evidence—Impeaching Witness.**

Upon trial of theft, there was no error in excluding testimony to impeach a State's witness on cross-examination that he had burned a schoolhouse.

**6.—Same—Witnesses Under Rule.**

The presence in the courtroom of a witness, who was brought in only for the time necessary for him to identify another witness, did not violate the rule and there was no reversible error.

**7.—Same—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of theft, the evidence was sufficient to sustain the conviction under a proper charge of the court, there was no reversible error.

**8.—Same—Ownership—Husband and Wife—Rule Stated.**

The rule is that where the property alleged to have been stolen is community property, and the spouses are living together, the ownership, in a charge of theft, is properly laid in the husband. Following Jones v. State, 47 Texas Crim. Rep., 128. And this rule applies when the property is lost by the wife at a public gathering. Following Martin v. State, 44 Texas Crim. Rep., 538.

Appeal from the District Court of Titus. Tried below before the Hon. J. R. Warren.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*I. N. Williams,* for appellant.—On question of ownership: Austin v. State, 57 Texas Crim. Rep., 623; Branch's Ann. P. C., p. 1329.

On question of insufficiency of the evidence: Daniel v. State, 60 Texas Crim. Rep., 517; Brothers v. State, 22 Texas Crim. App., 447.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction is for theft. A pocketbook containing about one hundred dollars in money was dropped on the floor at a dance at which appellant was present. There were a large number of other negroes present at the dance. There was evidence that appellant picked up the pocketbook, opened it, that it had money in it, that shortly afterwards she went to her home nearby. Subsequently the owner of the premises and the pocketbook, discovering its loss, went to the appellant's house and had a conversation with her in which she admitted that she picked up the pocketbook and said that she gave it to a "long, tall, stray negro." She testified that she picked up the pocketbook, saw something in it that looked like a ticket and that the "long, tall negro" said that the pocketbook was his and that she handed it to him. This occurred a very short time after she picked it up. It was shown that after the conversation with the owner she returned to the premises, and she testified that after her return she saw a negro whom she did not know, but whom the evidence showed was Lonnie Bryson; that she asked him if he was the man that she gave the pocketbook to and that he replied that he was; that she asked him his name and took it down. She was corroborated in reference to this statement by her husband and another witness.

The court in submitting the case to the jury used the following language: "You are further instructed that if you should find the property in question was found upon the floor of the house of Martin Grant and that defendant picked same up, believing same to have been lost by someone unknown to her, and that same was shortly thereafter claimed by another and she gave said property to such other party, then you will find the defendant not guilty."

The appellant offered to prove by Creasy Stanley that she heard

Lonnie Bryson say appellant had given him the pocketbook. This was offered as original testimony, according to the qualification to the bill, about an hour after the pocketbook had been lost and picked up by appellant, and his qualification negatives its admissibility as res gestae. It would, we think, have been admissible in rebuttal of the testimony of Lonnie Bryson contradicting appellant's evidence, or after he testified, might have been used to impeach him. Offered as it was, however, as part of appellant's original case, we think the conclusion of the trial court, that its admission would have been obnoxious to the rule against hearsay, is correct. Bowen v. State, 3 Texas Crim. App., 617; Holt v. State, 9 Texas Crim. App., 571; Horton v. State, 24 S. W. Rep., 28; Hodge v. State, 64 S. W. Rep., 242; Note 131, Am. St. Rep., p. 779.

It is competent for one accused of crime to prove that another committed the offense, when such proof would be inconsistent with the guilt of the accused on trial, but such proof must be made by legal evidence, and is not to be established by the unsworn declaration of another. Dubose v. State, 10 Texas Crim. App., 230. An exception to this rule obtains where the evidence against the accused on trial is wholly circumstantial. Blocker v. State, 55 Texas Crim. Rep., 30; Murphy v. State, 36 Texas Crim. Rep., 24.

The reproduction, for the appellant, of the evidence given by the accused on the examining trial, that she had claimed that Lonnie Bryson had admitted he got the pocketbook, would have been admissible if offered to support her testimony after it was attacked; but the court's qualification of the bill shows it was not so offered, but was presented as original testimony before any testimony was introduced contradicting her claim on the witness stand that Bryson had made the admission mentioned.

The attempt to impeach the witness Bryson by proof on his cross-examination that he had burned a schoolhouse, was contrary to the rule excluding for that purpose specific criminal acts. Branch's Ann. P. C., sec. 168.

As explained by the trial judge, the presence in the courtroom during part of the examination of the witness Ed Greenwood was not error. He appears to have been brought in only for the time necessary to inquire of the witness whether he identified him as the person to whom the appellant handed the pocketbook.

All proper exceptions of the court's charge were met by corrections of the charge by the court.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

February 12, 1919.

MORROW, JUDGE.—Appellant made the point in his brief and renews it in his motion for rehearing, that there was a variance in the allegation and proof in that the possession of the property was charged in Martin Grant and the proof showed it in Lena Grant.

The facts disclose that Martin Grant and Lena Grant were husband and wife, were living together, and at their home there was a gathering of negroes; that they owned a sum of money which was in a pocketbook, which pocketbook was carried in the bosom of Lena Grant, and on the occasion in question was dropped by her on the floor of the dwelling house in which she and her husband resided and at which both were present.

It is the contention of appellant that the proof shows absolutely that the ownership of the property was in the community of Lena Grant and her husband, Martin but he insists that the possession was absolutely in Lena Grant.

She testified that the money belonged to her and her husband; that she had been keeping it for some time, probably a month; that she spent a dollar or two at a time without asking her husband, that when he wanted it he could get it from her. She had the custody and control of the money, could do what she pleased with it without asking her husband. Martin Grant gave in substance the same evidence.

The rule, as we understand it, is that where the property stolen is community property and the spouses are living together, the ownership in a charge of theft is properly laid in the husband. Jones v. State, 47 Texas Crim. Rep., 128; Ware v. State, 2 Texas Crim. App., 547; Lucas v. State, 36 Texas Crim. Rep., 397; Smith v. State, 53 Texas Crim. Rep., 646. It may, under certain circumstances be permissible to lay the ownership in the wife but the law does not require it. Lane v. State, 69 Texas Crim. Rep., 68.

Even granting the correctness of appellant's contention that the property having been lost at a gathering in the house of Grant and wife is to be treated as having been lost in a public place, the allegation of ownership in the husband would not, on the facts developed, disclose a variance. "The ownership as well as the constructive possession of lost property is in the real owner." Martin v. State. 44 Texas Crim. Rep., 538.

The evidence touching the reasonableness and probable truth of appellant's explanation that the property was claimed by a "long, tall, stray nigger," and delivered to him by appellant, was in a large degree circumstantial and much of it conflicting. There was testimony justifying the conclusion that appellant knew the property was lost, and that its owner could probably be found, that she made no effort to do so, but discovering immediately after she picked it up that the pocketbook

contained money she formed and executed the purpose to keep and appropriate the money.

The evidence presented a case for the jury, and the verdict guided by proper charge and approved by the trial judge is binding on this court. Roberts v. State, 60 Texas Crim. Rep., 24, and cases listed in Branch's Ann. P. C., sec. 2464.

The motion is overruled.

Overruled.