RAY STONE v. THE STATE.

No. 8439. Decided June 25, 1924.

Rehearing denied November 19, 1924.

**1.—Manufacturing Intoxicating Liquors—Confessions—Res Gestae—Admissible.**

In this case officers, armed with a search warrant had located a still in operation, and a large quantity of mash and some whisky in an outhouse on appellant's premises, during appellant's absence. They laid in wait for him, and on his return he stated that the still was his, that no one else had any interest in it, and that he was running it. This evidence was properly admitted though appellant was under arrest at the time, under the rule of *res gestae*.

**2.—Same—Bills of Exception—Must be Complete.**

The mere statement of the grounds of objection in a bill of exception, cannot be accepted as establishing the truth of such grounds, nor will the other parts of the record be looked to, to ascertain whether the grounds stated are established. The bill must be complete within itself.

**3.—Same—Evidence—Statements of Third Parties—When not Admissible.**

Appellant offered to prove by third parties, that one Ras. Walton had been manufacturing liquor in said outhouse. Such testimony was properly excluded by the court in this case. While such testimony may be admissible in some cases depending upon circumstantial evidence, as a circumstance, this is not such a case. We would lay down no hard and fast rule in reference to such testimony, but its admissibility would depend on the facts in each case. See the Blocker case, 131 American State Reports, 778. See also opinion on motion for rehearing for exhaustive discussion of this rule, and collation of authorities.

**4.—Same—Jury—Misconduct of.**

After the jury in this cause, had agreed upon a verdict, one juror stated to another that he would bet him that their verdict would be lighter than the one on the former trial. Evidence that appellant had been formerly tried for the same offense was before the jury. *Held*, not such misconduct as would authorize a reversal of the cause.

Appeal from the District Court of Collin County. Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, two years in the penitentiary.

*Harper & Lewis,* and *Truett & Neathery,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Collin County of the manufacture of intoxicating liquor, and his punishment fixed at two years in the penitentiary.

On the day in question two officers went to appellant's house and finding no one in the residence, proceeded to a near-by outhouse. The door of this house was closed and fastened but not locked. Effort to open the door was resisted from the inside but the officers pushed it open and went in. There was no one in the outhouse except a negro. The windows and cracks of the building were so covered as that when the door was shut the interior of the building was darkened. The officers found in said outhouse a still in operation. Whisky was running out of the still. There were thirteen 60-gallon barrels of mash in said room. There were twenty-one or twenty-two gallons of whisky already manufactured, in said room. The officers closed the door and waited and presently appellant came, pushed the door open and said, "How are you getting along?" He called no name but about that time saw one of the officers and said, "Mack, what in the hell are you doing here?" The officer replied, "I am sampling some of your whisky." About this time another officer stepped up and said, "Is this Ray Stone?" and appellant replied, "Yes," and the officer said, "McCollum is my name," and appellant said, "Well, I guess you are another law, and I guess you have found what you are looking for." The officer replied that they had a search warrant for the place and appellant repeated the statement, "Well, I guess you have found what you are looking for," and further said, "Now that negro ain't got a damn thing to do with this; I just got him to stay here and take care of this a few minutes while I run up town with my wife." The officer then got out the search warrant and started to read it to appellant who told him it was not necessary, but presently he asked to see it and when it was handed to him he read it. In the course of the conversation just detailed appellant said, "This is my outfit and nobody's but mine." It was also in testimony that when appellant said, referring to the negro who was in the outhouse, "This negro hasn't got a thing in the world to do with this, it is mine,—I don't want you to take him off at all," one of the officers started across the street to another negro over there and that appellant told him not to bother that negro, that he did not have anything to do with it, that he did not allow him on that place, that he had had some trouble with him, and that he did not have a thing to do with this whisky.

The first complaint in the record is to the admission in evidence of what was said by appellant when he pushed the door open and came into the outhouse. The objection was that appellant was under arrest. This court has frequently held such testimony admissible under the rule of *res gestae*. The liquor was in process of manufacture in the presence of appellant and the officers. He asserted it to be his. What was said and done at the time would be *res gestae* of the transaction. Upon the same reasoning appellant's bills of exceptions Nos. 2, 3 and 4 may be disposed of. It might be said in reference to bill of exceptions No. 4 that while same states that certain testimony was objected to because appellant was under arrest, there is nothing in the bill which remotely establishes the fact of an arrest at the time, and it has been frequently said by this court that we cannot take the statement of the grounds of objection in a bill of exceptions, as establishing the truth of such grounds, nor will the other parts of the record be looked to to ascertain whether the grounds stated are established. The bill must be complete within itself.

The observations just made hold good as to bill of exceptions No. 5 wherein it is stated that "The defendant objected to the admission of said testimony because the same was not in rebuttal of any evidence brought out by defendant, and because the defendant was under arrest at the time he made said statements if he made them, and because the officer had a warrant for him at the time and would not have let him get away and any statement he might have made while under arrest would not be admissible, which objections were by the court overruled, and said testimony was permitted to go to the jury. To which action of the court defendant excepted," etc. As above stated, it is the rule that we look to the particular bill of exceptions for a verification of the grounds of objection stated; if in this case we look to the record otherwise, it would be found that this was a part of the same conversation that occurred in the room upon the arrival of appellant and was a part of the *res gestae*.

Bills of exception Nos. 6, 7 and 8 set out complaint of the rejection in evidence of statements made by third parties supposed to support the proposition that Ras Walton had been manufacturing liquor in said outhouse, the effect of which testimony would appear to be to cast some doubt upon appellant's connnection with the criminal transaction. We have examined the authorities cited by appellant but in the light of the facts before the court in each of the cases cited, which affect the rule there laid down; and in view of the other decisions of this court later reviewing those decisions and laying down what we think to be a correct rule, we cannot agree that said authorities cited justify us in holding that the court should have admitted such testimony. In Stayton v. State, 248 S. W. Rep., 350, we discuss the rule laid down in Greenwood v. State, 84 Texas Crim. Rep., 548, and in

Walsh v. State, 85 Texas Crim. Rep., 208, and also in Blocker v. State, 55 Texas Crim. Rep., 30, and it is there suggested that it is only in cases dependent upon circumstantial evidence that such te's-timony may sometimes be admitted as a circumstance. We would lay down no hard and fast rule in reference to such testimony, but its admissibility would depend upon the facts in each case. The question has been frequently raised of late regarding the admissibility of such testimony, and we call attention to the Blocker case, supra, as dis-cussed and annotated in 131 American State Reports, 778, discussing the admissibility of confessions or statements made by third parties. We quote from a note in the annotation as follows:

"The general rule in respect to the admissibility of confessions or admissions is well settled, although, strange to say, it has been nec-essary for the courts to repeatedly declare the rule in the sames state, so persistently has the rule been assailed. The general rule laid down by the courts is that a confession or admission on the part of a third person that he committed the crime which the defendant is charged with having committed is mere hearsay, and not admissible in evi-dence in favor of the defendant where it does not constitute a part of the *res gestae;* Smith v. State, 9 Ala. 990; Snow v. State, 54 Ala. 138; Levison v. State, 54 Ala. 520; Snow v. State, 58 Ala. 372; West v. State, 76 Ala. 98; Welsh v. State, 96 Ala. 92, 11 South 450; Oddo v. State, 152 Ala. 51, 44 South. 646; People v. Hall, 94 Cal. 595, 30 Pac. 7; Mora v. People, 19 Colo. 255, 35 Pac. 179; Lyon v. State, 22 Ga. 399; Flanegan v. State, 64 Ga. 52; Daniel v. State, 65 Ga. 199; Kelly v. State, 82 Ga. 441, 9 S. E. 171; Delk v. State, 99 Ga. 667, 26 S. E. 752; Lowry v. State, 100 Ga. 574, 28 S. E. 419; Robin-son v. State, 114 Ga. 445, 40 S. E. 253; Reilly v. State, 14 Ind. 217; Bonsall v. State, 35 Ind. 460; Dye v. State, 130 Ind. 87, 29 N. E. 771; Bauk v. State, 148 Ind. 238, 46 N. E. 127, 47 N. E. 465; Davis v. Commonwealth, 95 Ky. 19, 44 Am. St. Rep., 201, 23 S. W. 585; Bacigalupi v. Commonwealth, 30 Ky. Law Rep., 1320, 101 S. W. 311; State v. West, 45 La. Ann. 14, 12 South. 7; State v. Young, 107 La. 618, 31 South. 993; Commonwealth v. Chabbock, 1 Mass. 144; Com-monwealth v. Elisha, 3 Gray, 460; Commonwealth v. Densmore, 12 Allen, 535; Commonwealth v. Chance, 174 Mass. 245, 75 Am. St. Rep., 306, 54 N. E. 551; People v. Stevens, 47 Mich. 411, 11 N. W. 220; State v. Evans, 55 Mo. 460; State v. Duncan, 116 Mo. 288, 22 S. W. 699; State v. Hack, 118 Mo. 92, 23 S. W. 1089; State v. Levy, 90 Mo. App. 643; Mays v. State, 72 Neb. 723, 101 N. W. 979; Green-field v. People, 85 N. Y. 75, 39 Am. St. Rep., 636; State v. May, 15 N. C. 328; State v. Duncan, 29 N. E. 236; State v. White, 68 N. C. 158; State v. Haynes, 71 N. C. 79; State v. Bishop, 73 N. C. 44; State v. Baxter, 82 N. C. 602; State v. Beverly, 88 N. C. 632; State v. Gee, 92 N. C. 756; State v. Fletcher, 24 Or. 295, 33 Pac. 575; Rhea

v. State, 10 Yerg. 258; Sible v. State, 3 Heisk. 137; Peck v. State, 86 Tenn. 259, 6 S. W. 389; Bowen v. State, 3 Texas App. 617; Holt v. State, 9 Texas App. 571; Horton v. State (Texas Crim. App.), 24 S. W. 28; Hodge v. State (Texas Crim. App.), 64 S. W. 242; United States v. McMahon, 4 Cranch, C. C. 573, Fed Cas. No. 15699; United States v. Miller, 4 Cranch, C. C. 104, Fed Cas. No. 15,773; United States v. Mulholland, 50 Fed., 413.

The decision in the principal case (Blocker v. State, 55 Texas Crim. 30, ante, p. 772, 114 S. W. 814), although not overruling previous cases in Texas, concurring in the general rule stated above, has engrafted an important exception to the rule, which practically amounts to this, namely, that where the evidence on the part of the prosecution is wholly circumstantial, and circumstantial evidence is adduced by the defendant tending to connect a third person with the commission of the offense, his confessions or admissions of guilt will, under such circumstances, be admissible. Hence in considering the soundness of the doctrine announced by the Texas court, it is important to look to the reasons assigned by the courts for the general rule on the subject."

The State's case in the case before us is not one dependent on circumstantial evidence alone, and we adhere to the rule in Stayton's case and Greenwood's case, supra.

Bill of exceptions No. 9 complains of the court's refusal of a new trial based in part upon alleged misconduct of the jury. It was asserted that the jury discussed the failure of appellant's wife to testify, and also discussed the fact of his former conviction. We do not think the reference by the reference by the jury to the failure of appellant's wife to testify, constitutes any error. In referring to the other ground of complaint, we observe that it was in testimony by several of the jurors upon the hearing of the motion for new trial, that they knew from the evidence introduced on this trial that there had been a former trial of the case. The record is replete with questions asked various witnesses about their testimony given upon a former trial. After the jury had agreed upon a verdict of guilty and had practically agreed upon the penalty, we gather from the testimony that one juror said to another that he would bet him that the verdict they were giving in this case would be lighter than the verdict on the former· trial. The other juror replied that he would bet him that it would be more if the former jury gave him anything Each of the jurors said that they knew nothing about what was the result of the former trial and did not discuss the same any further than is evidenced by the substance of what we have just set out, and that there was no other reference to the result of the former trial. After the jury were discharged they met one of appellant's attorneys and asked him what the result of the former trial was and upon being

informed there were some remarks made back and forth by the jury concerning this. We think the learned trial judge did not abuse his discretion in declining to grant the motion for new trial upon the grounds mentioned.

We regret that we cannot agree with learned counsel for appellant in the contentions ably briefed and argued by them on his behalf. To us the facts seem to fully justify the verdict of·the jury and the record to reflect a fair and impartial trial.

The judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

HAWKINS, JUDGE.—Appellant's motion for rehearing and his brief in support thereof seems to proceed upon the idea that the effect of our original opinion is to hold that one accused of crime cannot in a proper case defend by showing that a party other than himself committed the offense. We did not intend to announce any such radical departure from a well established rule. Our opinion is only·to re-assert that the proper way to prove another's commission of the offense under the facts of this case was not by introducing the hearsay statements of the said third party upon whom appellant sought to fasten guilt.

The original opinion sets out the State's evidence fully. In order to make clear the point under discussion we condense appellant's evidence.

He denied making to the officers every criminative statement testified to by them as shown in our original opinion. He testified that desiring to secure a loan on his farm he had moved to town in September; that Walton was a tenant and had been living in the house where the still was found for eight years and continued to live there during appellant's residence in town; that when appellant returned to the farm in November he found that Walton had installed a still in the house and was making whisky; that appellant made him move the still; that about February 1st appellant and·his wife went to San Antonio where they remained for three weeks; that upon· his return from this trip he found Walton had again put the still in the house and was operating it; that appellant became angry and beat Walton with a stick of wood, but upon the latter importuning him to permit the operation of the still until the material on hand was used up appellant tacitly consented. After testifying to the foregoing facts appellant tendered three witnesses one of whom would·have sworn that Walton offered to sell witness whisky and said he was making it on appellant's premises, and later told witnesses that appellant beat him for again starting the still; another would have sworn that Walton on one occasion showed witness the still which

98 T. C.—24.

was in operation and said it belonged to him, and the third would have testified that Walton on one occasion was intoxicated and told witness he was making whisky at his (Walton's) house. It was to the exclusion of these declarations by Walton that exception was reserved. The testimony rejected related to different times than the transaction testified to by the officers and was not *res gestae*.'

It is contended that while our opinion may be in consonance with Greenwood v. State, 84 Texas Crim. Rep., 548, 208 S. W. 662; Walsh v. State, 85 Texas Crim. Rep., 208, 211 S. W. 241; Staton v. State, 93 Texas Crim. Rep., 356, 248 S. W. 356, that they are out of harmony with former opinions of this court. Recognizing that the admissibility of testimony of the character offered would depend largely upon the facts of each particular case we made this statement in our original opinion,—

"We would lay down no hard and fast rule in reference to such testimony, but its admissibility would depend upon the facts in each case."

On account of the importance of the question we think it advisable to review the cases upon which appellant relies in asserting that we were in error in our former opinion. When the facts of the DuBose case (10 Texas Ct. App., 230), and the real point there under consideration is understood we do not believe our opinion to be at all out of line with the rule announced in that case. DuBose was charged with the murder of one Benton. Bacquet testified that DuBose had admitted to him the killing of Benton. The defendant offered evidence tending to connect Bacquet with the murder which evidence consisted of motive, threats and opportunity to kill deceased. There is nowhere any more definite statement of what the offered evidence was. When kept in mind that Bacquet was used as a witness by the State we think there can be no doubt as to the holding in the DuBose case. It is entirely different from the case now under consideration in that here Walton, whose hearsay statements were offered in evidence, was not used as a witness by the State at all, but was at the time of trial in the penitentiary under a conviction for murder. In this respect the case is similar to Walsh (supra). Walton was a convicted felon and could not have testified if present, but appellant offered a declaration made by Walton to a third party by tendering the third party to repeat the hearsay statement. See, also, Long v. State, 10 Texas Ct. App., 186. In Blocker's case (55 Texas Crim. 30), the State relied on circumstantial evidence alone. Massey was a witness. He had married deceased's divorced wife. Deceased had become more or less attentive to his former wife and a separation occurred between her and Massey. It being shown that Massey had both opportunity and motive to kill deceased Massey's admission to a third party that he had done the killing was received in evidence.

In Harrison v. State (47 Texas Crim. Rep., 393) accused was on trial for killing Francis. One Whitten was used as a witness by the State and testified that he was present and saw accused kill Francis. Whitten's evidence exculpated himself. The court admitted evidence from other witnesses that Whitten confessed to them on the night of the homicide that he had killed Francis and exonerated Harrison from participation in it. However, the court limited the use of such testimony to determining Whitten's credibility and this was held error. The court says:

"The reason of the rule finds application in the doctrine that any legal testimony which will serve the purpose of fastening the homicide solely on Whitten and so exculpate appellant (Harrison) should be admitted on his behalf."

If the rule were otherwise, the court says in effect, that Harrison though not guilty might be convicted because he could not use Whitten's confession, and then the State could also secure Whitten's conviction on his own confession. Gilder's case (61 Texas Crim. Rep., 16), is in nowise in conflict with our present holding. It was purely a case of circumstantial evidence. Gilder was charged with burglary, and the State was relying for a conviction on the fact that he was found in possession of some of the property stolen from the burglarized house. Smith was a State's witness. He was also found in possession of some of the stolen property, but claimed to have purchased it from Gilder. In this state of the record it was held that Gilder should have had an opportunity to prove that Smith confessed to having committed the burglary. In Pace v. State (61 Texas Crim. Rep., 436) the defendant offered to prove by a witness that he heard one Cain admit that he had killed deceased. By reference to volume 58 Tex. Crim. Rep., p. 90, where the Pace case was reported on a former appeal, it will be found that Pace and Cain were both present when the killing occurred and some of the eyewitnesses testified that Cain did the shooting, and others that Pace did it. Cain had been tried and had subsequently died. What the result of his trial was does not appear from the opinion. It was held in this case that Cain's statement admitting that he had killed deceased should have been received. In Jackson v. State, 67 S. W. 497, the party whose statements were offered in evidence was a participant in the killing and was seen running away with a knife in his hand after the homicide. The Pace and Jackson cases are the only ones, we think, which are out of harmony with our opinion holding that the tendered evidence in the present case was inadmissible, and in so far as they appear to announce to the contrary they are to that extent overruled.

We again call attention to a statement by Mr. Wharton in his Criminal Evidence, Vol. 1, Sec. 250, page 476, which is quoted in Greenwood's case (supra).

"Allowing proof of innocence by the self-assumed blame of one beyond the reach of the law would soon disorganize criminal procedure. And to admit declarations as affirmative proof of the guilt of some one other than the declarant would be subversive of constitutional principles."

We think unquestionably the general rule is as stated in the note under the Blocker case (supra), as reported in 131 Am. St. Rep., at page 778, as follows:

"—that a confession or admission on the part of a third person that he committed the crime which the defendant is charged with having committed is mere hearsay, and not admissible in evidence in favor of the defendant where it does not constitute a part of the *res gestae.*"

The Blocker case engrafted upon that rule in Texas the exception that where a defendant upon trial offered evidence tending to connect a third person with the commission of the offense by showing motive and opportunity on the part of the third person, and the State relied upon circumstantial evidence alone to prove the guilt of the defendant, that under such circumstances the confession or admission of guilt by such third person should be admitted. Blocker's case was annotated in the Am. St. Rep., Vol. 131, page 772, and the notes thereunder extend over ten pages, showing conclusively that the announcement in the Blocker case was regarded as an exception to the general rule. In addition to the quotation in our original opinion we further quote from the notes in 131 Am. St. Rep., 786, as follows:

"The general rule holding confessions and admissions on the part of third persons in respect to the crimes charged against defendant inadmissible in favor of the defendant on the ground of being hearsay has not been repudiated by any court before which the question has been raised. It has uniformly been followed in Texas also: Bowen v. State, 3 Texas App., 617; Holt v. State, 9 Texas App., 571; Horton v. State (Texas Crim. App.), 24 S. W. 28; Hodge v. State, (Texas Crim. App.), 64 S. W. 242. Hence the rule announced in the principal case (Blocker v. State, 55 Texas 30, ante, p. 772, 114 S. W. 814), to the effect that where the evidence is wholly circumstantial, and there is evidence that a third person had a motive as strong as defendant to commit the crime, and was in a position to have done so, evidence that such third person had declared that he had committed it is admissible, must be deemed as having been intended as an exception to the general rule. We have not been able to discover any other cases in which such declarations have been admitted in evidence under similar circumstances. The evidence is without doubt mere hearsay, and its admissibility must be justified as being necessary under the exceptional circumstances existing in the case before the court. This new rule, if restricted to cases in which the

incriminating evidence is wholly circumstantial and equally strong against the defendant and the third person making the declarations of guilt, would seem to be sound, since the person making the confession would be in as great danger of conviction for the crime as the person on trial."

We have reviewed the question at some length because of its importance and because of the earnestness with which counsel representing appellant presents his views that we were wrong in the conclusion heretofore announced. Our further investigation confirms us in the belief that in the rule announced we are in accord with the generally accepted holdings by the courts of other states as may be ascertained by an examination of the notes under the Blocker case. If there is any case in our own State save those of Pace and Jackson (supra), which are apparently inharmonious when the facts of the case are fairly understood our attention has not been called to it. Finally, as presenting what we conceive to be the proper announcement relative to the matter, we quote from Walsh's case (supra) as follows:

"It is settled that one accused of crime may show that another person committed the offense with which he is charged, where the guilt of such other person would be consistent with the innocence of the accused. But this proof must be by competent evidence. DuBose v. State, 10 Texas Crim. App., 230. In the case of Blocker v. State, 55 Texas Crim. Rep., 30, this court qualified the general rule excluding the admission of the third party as hearsay, and holding that in a case where the prosecution was supported by circumstantial evidence alone that in connection with circumstances tending to show that another and not the accused had motive and opportunity to commit the offense, the declaration of such third person that he had committed it should be received as one of the circumstances in favor of the accused on trial."

In the case now under consideration the State did not rely upon circumstantial evidence alone to establish appellant's guilt. We, are confirmed in our view that the hearsay statements of Walton, which were not *res gestae* were inadmissible for the reasons heretofore discussed.

The motion for rehearing is overruled.

*Overruled.*

## ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have examined appellant's application and find nothing which would cause us to modify the views already expressed or which would affect the result already reached. We take occasion, however, to refer to the case of Kunde v. State, 22 Texas

Ct. App., 65, to which we were cited in the motion for rehearing, and which was examined but mention of it was inadvertently omitted. There are some expressions in the opinion in that case somewhat at variance with our present holding, but they were not necessary to a decision under the facts than before the court, and at page 99 it is stated that circumstantial evidence alone was relied upon by the State to sustain the conviction in Kunde's case, hence the real point decided is directly in line with our present position.

Request to file second application for rehearing is denied.

*Denied.*