## Arthur Stiles v. The State.

### No. 8428. Decided October 29, 1924.

Motion for rehearing granted October 29, 1924. Reversed.

### 1.—Theft of Cattle—Evidence—Hearsay Inadmissible.

Appellant offered to prove that one Holt, from whom he claimed to have purchased the animal in question, had made a declaration to the effect that he wanted Mr. Arlege to help him out of trouble about a yearling that he had sold. There was no error in excluding this testimony, as such confession would have been obnoxious to the rule excluding hearsay testimony. See Bowen v. State, 3 Tex. Crim. App., 617, Holt v. State, 9 Tex. Crim. App., 571.

#### ON MOTION FOR REHEARING.

### 2.—Same—Venue—Not Shown.

The question of venue was contested in the trial court, and was submitted to the jury in a special charge. The finding of the jury against appellant is not sustained by the testimony. The venue was laid in Mason County. The evidence clearly shows that if there was a fraudulent taking of the animal, it occurred in McCullough County, and not in Mason County.

Appeal from the District Court of Mason County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction of theft of cattle; penalty two years in the State penitentiary.

*Evans & Adkins,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the theft of cattle; punishment fixed at confinement in the penitentiary for a period of two years.

Ellison had a pasture of 2100 acres, situated in Mason County, about three miles from the McCullough County line. He had in his pasture a number of cattle, including a certain yearling, which was the subject of the present controversy. A gate from Ellison's pasture led into a lane going in the direction of the village of Voca, about five miles distant, in McCullough County. This gate was often open and some of the cattle from time to time strayed into the lane. A yearling which Ellison identified as belonging to him was found in the pasture of Willis in McCullough County. Willis surrendered the animal to Ellison, stating and testifying that he had purchased it from the appellant. Appellant in turn testified that he had purchased the animal from Alvin Holt. The negotiation took place in the lane mentioned, and, according to the appellant, he and Holt went to the pasture of Spiller in McCullough County, where the appellant purchased the yearling, and put it in Willis' pasture. Holt assisted in driving the animal part of the way. Willis had previously indicated to the appellant his desire to purchase a yearling. The witness Evans, for the State, testified that he saw the yearling in the field apparently trying to get out; that it did escape and enter the lane mentioned. Soon thereafter the witness observed the appellant and Alvin Holt driving the animal in the opposite direction. From his testimony, if we understand it, the animal at that time was in Mason County. The witness identified the animal as the one which the appellant had sold to Willis. Witnesses were introduced by the appellant tending to show that the animal mentioned by Evans was not the one in question, but was one that belonged to the witness Clevenger, which was rightfully in the possession of the appellant.

There is much conflict in the testimony. Adams, a witness for the appellant, testified that he was present at a conversation in which Holt was offering to sell to the appellant an animal which he claimed was in Spiller's pasture.

In a bill of exceptions, complaint is made of the refusal of the court to receive from Adams testimony that Holt had subsequently told him that the sale had been made. The bill, as qualified, shows that the evidence was received, and that the complaint is merely of an effort to have the witness repeat it.

Bills of Exceptions No. 2 reveals an effort by the appellant to prove by the hearsay declaration of Holt to the effect that he wanted Mr. Arlege to help him out of trouble about a yearling that he had sold. There was no error in excluding the testimony. The purported confession of Holt in no way identified the animal in question. Moreover, there being evidence connecting the appellant with

the taking of the animal, the receipt of the purported confession of Holt would have been obnoxious to the rule excluding the hearsay testimony. See Bowen v. State, 3 Texas Crim. App., 617; Holt v. State, 9 Texas Crim. App., 571; Horton v. State, 24 S. W. Rep., 28; Hodge v. State, 64 S. W. Rep., 242; Greenwood v. State, 84 Texas Crim. Rep., 549.

The sufficiency of the evidence is challenged, but we are constrained to regard it as sufficient. The issues raised were submitted to the jury in a charge of which no complaint is made. The solution of the conflicting theories in favor of the State is binding upon this court.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

LATTIMORE, JUDGE.—The description of the location of the various lanes and places mentioned in this record is not as clear as it might have been, but upon more mature consideration we have concluded that the State has not only failed to show a taking of the alleged stolen animal in Mason County, but that its testimony strongly negatived such conclusion. Ellison, owner of said animal, lived in Mason County about five miles southwest from the town of Fredonia which is in the northeast corner of said county. The town of Voca is in McCullough County nine or ten miles northwest from Fredonia. The county line of Mason County ran three or four miles north from the Ellison home. He had a 2100 acre pasture extending north to within a mile and a half or two miles of said county line. From this pasture a lane extended north seven or eight miles to Voca. A gate opened from Ellison's pasture into this lane, which gate was usually left open. The animal in question ranged in this pasture. Missing it and others, Ellison searched for them and found this one in the pasture of Cal Willis on the San Saba river some seven or eight miles north from the pasture in which it had ranged. Ellison hauled the animal home in a wagon.

Brady, the county seat of McCullough County, lies northwest from Voca, and on the Voca and Brady road in McCullough County lived J. J. Evans, who testified for the State that he lived about eight miles from the Mason County line and north of a road that ran due east from Voca; also that in March, 1920, he saw a yearling running around his place several days, saw it first in one pasture or field and then another, and saw it finally get out into the lane running east and west near his house. Shortly after that witness saw appellant and one Holt driving the yearling east in said lane. Witness said he afterwards saw Ellison with said yearling in a wagon. This

is the State's only proof supporting the proposition that the animal was taken by appellant in Mason County, or that he had any connection with it at all in said county. The proposition of venue was made an issue in the trial court and was submitted to the jury in a special charge, but we are constrained to believe that their finding against appellant on this issue is without support in testimony. There was no conflicting evidence upon the question. Ellison's gate was open and his yearling was seen by State witness Evans around his place in a field and lanes some eight miles north of the Mason County line and in McCullough County. After this appellant was seen driving it. There is not a circumstance in the record to show that he had anything to do with its being near Evans' place. His own theory about it was that of a purchase from Holt. Witnesses testified to a purchase of a yearling by appellant from Holt, and other witnesses testified that about the time Evans claimed to have seen Holt and appellant driving a yearling in the lane near his place, that appellant was employed to drive a yearling along that road or in that lane. Whether these propositions be true or not, this can be thrashed out in a case wherein the venue can properly be laid in McCullough County. If the animal in question had strayed away from its owner into McCullough County, it would seem to be in his care, control and possession and a taking by appellant or anyone else in McCullough County could be tried and determined in that county.

Believing the record devoid of testimony of a fraudulent taking of the animal in Mason County, the motion for rehearing is granted, the judgment of affirmance set aside, and the judgment now reversed and the cause remanded.

*Reversed and remanded.*