GEORGE MORRIS V. THE STATE.

No. 9622.    Delivered December 2, 1925.

Rehearing denied January 13, 1926.

1.—Manufacturing Intoxicating Liquor—Evidence—Of Third Party—Held, Inadmissible.

It has been repeatedly held by this court that one who in no way is shown to have been connected with the case on trial, will not be permitted to testify that he, and not the appellant, is guilty of the offense. The reason for this rule is obvious. See Stone v. State, 98 Tex. Crim. Rep. 364.

ON REHEARING.

2.—Same—Accomplice—"Transporter" is Not.

Where, on a trial for manufacturing intoxicating liquor, the wife of appellant's co-defendant gave incriminating testimony in behalf of the state, the fact that she had assisted appellant and her husband in removing the whiskey from the still to her house, would not make her an accomplice. The Statute expressly declares that a transporter is not an accomplice, and the trial court was not in error in refusing to submit that issue in his charge to the jury, and appellant's motion for rehearing is overruled.

Appeal from the District Court of Kaufman County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

*Wynne & Wynne*, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction was in the District Court of Kaufman County for the offense of manufacturing intoxicating liquor, with penalty fixed at one year in the penitentiary.

The facts amply sustain the verdict of the jury. There are two bills of exception in the record. Bill No. 1 complains of the rejection of testimony of what had been said by a party who was not in any way connected with the instant trial, to the effect that he was guilty and that appellant was not. The matter has often been reviewed by this court and as often such testimony has been held incompetent. Stone v. State, 98 Tex. Crim. Rep. 364. The second bill of exceptions complains substantially of the same matter.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

The wife of appellant's codefendant, Mrs. Burnett, was a witness for the State. She swore that her husband and appellant made whiskey in a little house near the Morris dwelling during the day before the officers came; that in the afternoon of said day she went to said little house and watched them for a while; that she and Mrs. Morris went to the little house that night and helped bring the whiskey back; she and Mrs. Morris helped. It is obvious that the only "helping" done by said witness was in this transportation. The law specifically says the transporter is not an accomplice. The action of the learned trial court in refusing to charge that Mrs. Burnett was an accomplice, and also refusing to submit that question to the jury, was proper. The only other question raised in appellant's motion was, we think, correctly decided in the original opinion.

The motion for rehearing will be overruled.

*Overruled.*