ORVILLE ZORN V. STATE OF NEBRASKA.

FILED JULY 19, 1932. No. 28307.

*John C. Mullen*, for plaintiff in error.

*C. A. Sorensen, Attorney General*, and *Homer L. Kyle*, contra.

Heard before ROSE, DEAN, EBERLY, DAY and PAINE, JJ., and BEGLEY and BLACKLEDGE, District Judges.

BEGLEY, District Judge.

This is a prosecution for forgery. Orville Zorn, plaintiff in error, hereinafter called the defendant, was convicted in the district court for Richardson county of forging the name of Jess Buckholz to a check for $7.50 with intent to defraud. He was sentenced to imprisonment in the state reformatory for an indeterminate period of not less than one nor more than two years and to pay a fine of $25 and the costs of the action. His motion for new trial was overruled and he has appealed to this court from said judgment and sentence.

The plaintiff in error has assigned two errors as grounds for reversal: (1) Insufficiency of the evidence; (2) bias and prejudice of a juror.

The evidence shows that on November 26, 1931, a young man representing himself to be Frank Kelley, entered the harness shop of Paul Hessler, in Falls City, Nebraska, and gave him a check for $7.50 drawn on the Nebraska State Bank of Falls City, in favor of Frank Kelley ,and purporting to be signed by Jess Buckholz. For the check Mr. Hessler sold him a halter for $1.50 and gave him $6 cash in change. The signature of Jess Buckholz was a forgery. Paul Hessler, the complaining witness, testified that he did not know the young man who gave him the

check, but that he resembled the defendant and in his opinion it was the defendant. He also testified that the next week after he had received the forged check a young man, who represented himself to be a brother of Frank Kelley, came into his store and wanted to pay for the check and take it up. The defendant testified in his own behalf and denied that he was the person who passed the check on Hessler and voluntarily permitted specimens of his handwriting to be submitted to the jury for purposes of comparison with the handwriting on the forged check.

On the evening of the same day, the defendant was arrested in Falls City for being drunk. His car was searched and, among other things, a halter was found in the car. On Sunday evening, September 27, the defendant remarked that the police officers had found a halter in his car and he was uneasy; "They might get him with that check though, being as he had the halter in his car." About the middle of October defendant had a conversation with one Pool, in which he was told that the officers were looking for him for the Hessler check, and defendant remarked that he thought he might leave town, and defendant also said that some one, either himself or his brother, tried to pay the check off.

We submit that the evidence adduced on behalf of the state was sufficient to sustain the verdict of the jury. 16 C. J. 774; *Mays v. State*, 72 Neb. 723.

The second assignment of error urged by the defendant is that one of the jurors, Ed Allen, was biased and prejudiced against the defendant. The *voir dire* examination of the juror Allen is not contained in the record, and the only evidence as to bias and prejudice of this juror is contained in an affidavit of Henry Zorn, father of the defendant, made on January 18, 1932, in support of the motion for a new trial, in which the affiant alleged that on or about October 25, 1931, he talked with said Ed Allen on Stone street in the city of Falls City, Richardson county, Nebraska, and that said Allen told him the following: "I see that your boy is in trouble again. That boy ought to be in the penitentiary."

The juror Allen made an affidavit denying the allegation of Henry Zorn's affidavit. If the defendant or his father knew on October 25, 1931, that Allen was a prejudiced juror, it was their duty to challenge him on *voir dire* examination. Ordinarily, the disposition of questions of this nature rest in the sound discretion of the trial court. Here the evidence of bias and prejudice was conflicting and the trial judge clearly was justified in rejecting the statement of the father of defendant in favor of that of the juror in question, particularly when the objection did not come until a motion for a new trial had been filed. 16 C. J. 1161; *Ogden v. State,* 13 Neb. 436.

We think that the defendant has had a fair trial and that the question of his guilt or innocence was fairly submitted to the jury and their verdict should stand.

AFFIRMED.