## CHARLIE McFADDEN v. THE STATE.

### No. 2583.   Decided January 28, 1903.

**1.—Continuance—New Trial.**

No application for continuance was made for the absent witness, nor had he been subpoenaed. On motion for new trial, it was stated that the witness would attend a new trial if the same was granted. Held, no ground for new trial was shown.

**2.—Same—Burglary.**

A new trial should not be awarded for an absent witness who would simply testify that on the night of the burglary he saw defendant and another party, near the burglarized house, get out of a buggy between 11 and 12 o'clock, and go in the direction of their respective homes. This would not prove that they went home or that they did not return afterwards and commit the burglary.

**3.—New Trial—Newly Discovered Evidence.**

A new trial will not be granted for proposed newly discovered evidence where the affidavit fails to show the materiality of such evidence.

Appeal from the District Court of Lamar.   Tried below before Hon. Ben H. Denton.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant with the burglary of a house controlled by one W. R. Justess, on the 31st day of October, 1901.

According to Justess' testimony, the house was burglarized between 1 and 2 o'clock at night. The storehouse had been burglarized before, and Justess, on the night in question, had concealed himself in the store to try and catch the parties committing the burglary. He heard a buggy approaching, which stopped near the store, and in a few minutes two persons entered from the window, which they had raised. He did not recognize them, but fired in their direction when they ran out of the store, one going north and the other south. Justess followed, and fired three or four shots. Hitched to a tree back of the store, he found Al Glen's horse and buggy. He says, "The men who entered the store, in size, form, height and appearance, suited the description exactly of defendant Charlie McFadden and Albert Glen."

It was proved that these parties were seen in Al Glen's buggy at several places that night, and defendant himself testified to being in the buggy with Glen that night, and that about 11 o'clock he got out of the buggy near the storehouse and went home on foot. He said he did not know why he got out at the store, and why Al Glen did not drive him back home.

The defense was an alibi.

*Fagan & Hathaway,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

In the motion for new trial appellant asks that the same be granted to procure the testimony of one Willard. No motion for continuance was made on account of the absence of this witness. It appears that said witness was not subpoenaed. Appellant says that said witness was absent at the time, and he believed then that he had moved to the Indian Territory, and he declined to delay the case for his testimony; but he has since learned that this witness is in Arkansas, and will attend if a new trial is granted. This does not present a ground for the granting a new trial. Nor does it appear to us from the affidavit of this witness that his testimony would be material. What he states may be true, and still it would not show that appellant did not commit the burglary. The fact that this witness may have testified that he saw Charlie McFadden, appellant, and Al Glen that night between 11 and 12 o'clock in the vicinity of the burglarized house, in a buggy, and that he saw appellant get out of the buggy, and start back north in the direction of where he lived, and saw Al Glen start south in the direction of where he lived, would not prove that they went to their respective homes at that time, or that they did not return afterwards and commit the burglary.

Appellant also craved a new trial on account of newly discovered evidence. If we concede that diligence was used to discover this testimony,—which is doubtful,—still it does not occur to us that the testimony of the newly discovered witness was material. The fact that said newly discovered witnesses would testify that they were present when the negro Henry Boone, a witness for the State, testified that Al Glen and Charlie McFadden came to where he was when he cut down a tree where a coon had been treed, and the dogs caught it, and that this happened at 9 o'clock, instead of about 12 o'clock, as the negro testified, would be hardly sufficient to authorize a new trial. We do not understand either of these witnesses to testify that they were present when this occurred. They claimed that they were 200 or 300 yards away from where they heard a tree cut down, and heard the tree fall, and heard the parties after the coon. They did not testify who these parties were; much less that it was the negro Boone. It may be that Boone cut a tree as early as 9 o'clock, but this would not prove that he did not cut another tree, where a coon had been treed, at 12 o'clock, and that appellant and Al Glen came up to where they were in a buggy at the time. The affidavits fail to show the materiality of the testimony.

Appellant insists that the testimony, as developed by the record, fails to establish the guilt of appellant, under the rules prescribed for cir-

cumstantial evidence. We have carefully examined the evidence, and, in our opinion, it is ample to have authorized the jury to convict appellant as they did in this case.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

[Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]