### L. B. Hughes v. The State.

No. 9179.  Delivered June 3, 1925.

Rehearing Denied October 21, 1925.

1.—Burglary—Evidence—Declarations of Co-defendant—Properly Excluded.

Where on a trial for burglary, appellant offered to prove by the witness Hughes, that McCoy, a co-defendant had stated to witness that he McCoy, committed the burglary and that appellant had no connection with it. While it is true that in some cases, in which the state relies for a conviction upon circumstantial evidence alone, under certain conditions, the declarations of a third party admitting his guilt of the offense, is a proper matter of proof, the instant case is not one that is brought under the rule announced in Stone v. State, 265 S. W. 900, and authorities cited in the motion for rehearing in that case.

2.—Same—Continued.

That part of the declaration imputed to McCoy a co-principal to the effect that the appellant took no part in the commission of the offense, would not be admissible under any rule of evidence, known to us. He being charged as a co-principal, and thereby disqualified from testifying in behalf of appellant, it would subvert the statute, which disqualified him as a witness in behalf of appellant to admit his declaration. Following Walsh v. State, 85 Tex. Crim. Rep. 208. Staton v. State, 93 Tex. Crim. Rep. 356.

ON REHEARING.

3.—Same—Bill of Exception—Incomplete—Presents No Error.

Where a bill of exception sets out a question asked a witness, and that the answer was excluded, unless the answer that would have been given is also set out in the bill, we are unable to say whether the court erred in excluding same or not. This court has so frequently called attention to defects in bills of this character as to make citation of authorities unnecessary. Many cases in point will be found in Sec. 212 of Branch's P. C.

4.—Same—Bill of Exception—Insufficient.

Appellant criticises our original opinion in which we say that it appeared that McCoy was a co-principal, charged with the same offense that appellant was being tried for. The record does not disclose that McCoy was

in fact indicted, but does disclose that he and appellant were found in possession of the stolen property and both arrested, and the bills of exception presenting this matter are wholly insufficient to show any erroneous ruling on the part of the court.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Felix D. Robinson, Judge.

Appeal from a conviction for burglary; penalty, three years in the penitentiary.

The opinion states the case.

*Ballowe & King,* for appellant.

*Shelby Cox,* District Attorney, *Wm. McCraw,* Assistant District Attorney, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary; punishment fixed at confinement in the penitentiary for a period of three years.

The stolen property consisted of a set of carpenter's tools. According to the State's witness, after missing his property, he went to Fort Worth in his automobile. While his car was stopped because of tire trouble another car passed him in which there were three men: McCoy, Azelhurst and the appellant. Their conduct aroused the suspicion of the owner of the property. He followed them to Fort Worth, caused their arrest and found them in possession of his property.

Appellant testified that he was at home and that the tools in question were brought there by McCoy, who offered to sell them. Failing to sell the tools in Dallas, they took them to Fort Worth, where they were arrested. Appellant disclaimed any knowledge that the tools were stolen. Members of the appellant's family gave testimony supporting the theory that he was not present when the burglary was committed.

Several bills of exception complain of the exclusion of the declarations of McCoy. None of the bills, save one, attempt to set out the excluded testimony. Bill No. 3, recites that the witness, R. B. Hughes, on behalf of the appellant, was asked if George McCoy had told the witness that he (McCoy) had stolen the tools and that the appellant was merely present at the time of the arrest. The bill is meagre and fails to state any of the circumstances attending the declaration imputed to McCoy. Appellant, in support of his contention that there was error in excluding the testimony, invokes the rule that in the cases where the State relies alone upon circumstantial evidence, the declarations of guilt by another may be introduced in

behalf of the accused. In cases in which the State relies upon circumstantial evidence alone to establish the guilt of the accused, under certain conditions, the declarations of a third party admitting his commission of the offense, is a proper matter of proof. See Stone v. State, 265 S. W., Rep. 900, and authorities cited in the motion for rehearing, p. 903. The present record, in our opinion, does not bring the proffered testimony within the rule announced in the cases mentioned. The stolen property was found in the possession of McCoy, Azelhurst and the appellant. At the time of the finding of the property, no declaration was made by McCoy exculpating the appellant or admitting his guilt of the burglary. McCoy, Azelhurst and the appellant seem to have been placed under arrest. McCoy was not called at a witness for the State and was probably not available to the appellant. Appellant proposed to prove by his father that McCoy had stated at some subsequent time that he had committed the offense. His admission that he committed the offense was not inconsistent with the theory of the State, supported by the evidence, that the appellant was also an actor in the burglary. Both the evidence and the declaration, so far as we conceive them, are consistent with the guilt of the appellant and not inconsistent with his innocence, and therefore it is believed not within the rule to which we have adverted. That part of the declaration imputed to McCoy to the effect that the appellant took no part in the commission of the offense would be admissible under none of the rules of evidence of which we are aware. He being charged as a co-principal in the offense and disqualified from giving testimony for the appellant, to receive his declaration, not admissible under the rule of *res gestae,* would subvert the statute which disqualified McCoy as a witness in behalf of the appellant. This phase of the case was discussed in Walsh v. State, 85 Tex. Crim. Rep. 208; Staton v. State, 93 Tex. Crim. Rep. 356. Upon the present record, the bill fails to show that the learned trial judge committed error in refusing to receive the proffered testimony.

The evidence is deemed sufficient to support the verdict, and no error has been revealed authorizing a reversal.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge—We have carefully examined appellant's motion and brief in connection therewith. A re-examination of the statement of facts leads us to the conclusion that appellant's contention that the evidence is insufficient to show a burglarious entry

of the house can not be sustained, and likewise that the want of consent of the alleged owner is not sufficiently shown.

We have re-examined bill of exception 1, 2, 3, and 4, in all of which complaint is made at the exclusion of some statements claimed to have been made by one McCoy to the various witnesses named in the bills. Bills 1, 2, 3, and 4 do not in any way undertake to set out what the excluded testimony would have been. A more critical examination of bill number three shows that it did not merit the consideration it received in our former opinion. The bill simply states that R. B. Hughes was called as a witness by appellant and was asked if McCoy had not told witness that he (McCoy) had stolen the tools and that defendant was merely present at the time of the arrest. Nowhere in the bill is it stated what the witness, answer would have been to such question. All of these bills are fatally defective in failing to advise what the excluded evidence would have been. The court has so frequently called to attention to defects in bills of this character that it appears unnecessary to cite authority. However, for collation of many cases reference is made to Sec. 212 of Branch's Ann. P. C.

Our original opinion, where we stated that McCoy was charged as a co-principal with appellant, and thereby disqualified from giving testimony for him, is criticised as not being borne out by the record. It may be we reached a conclusion not authorized by the record, but it does appear therefrom that appellant, McCoy and one Hazelhurst were all arrested for this offense; that Hazelhurst was released and appellant and McCoy were by the officers brought back to Dallas from Fort Worth where the arrest took place. It does not affirmatively appear from the record that McCoy had been indicted. It may be that in the absence of such showing our opinion went further than the record warranted. Under no circumstances, however, are the bills of exception referred to sufficient to show an erroneous ruling on the part of the court.

The other two bills of exception found in the record have been examined in the light of appellant's motion and we think no error in the ruling of the court incident to the matters complained of is shown.

The motion for rehearing is overruled.

*Overruled.*