## O. C. WISE v. THE STATE.

No. 9499.   Delivered June 10, 1925.

1.—Possessing Intoxicating Liquor—Evidence—Hearsay—Inadmissible.

Where on a trial for possessing intoxicating liquor, appellant offered to prove by a witness that one Bailey, now dead, had told him that he (Bailey) had sixteen gallons of whisky in the loft of appellant's house; that it had been put there without appellant's knowledge, and that he (Bailey) did not know how to get it without appellant knowing it, such testimony was properly excluded.

2.—Same—Evidence—Guilt of Third Party—Rule Stated.

Under the rule as announced in this state, the declarations of a third party, admitting his guilt of the crime for which accused is upon trial, is not admissible, unless the case is one in which the state relies for a conviction solely upon circumstantial evidence, and also where the guilt of said third party is inconsistent with the guilt of accused, and also where the party making the declaration was so situated that the crime might have been committed by him.  Following Stone v. State, 265 S. W. 900.

Appeal from the District Court of San Augustine County.   Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction of possessing intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*J. R. Bogard,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for possessing intoxicating liquor for the purpose of sale.  Punishment, two years in the penitentiary.

In the attic of appellant's residence the officers found sixteen gallons of whiskey, all of it in quart fruit jars, save some in a one-gallon jug.  They also found something less than a quart in a safe in the dining room.  Appellant did not testify.  His son gave evidence that some six or seven months before the whiskey was found by the officers, witness assisted one Bailey to put the whiskey in the attic; that witness had never told his father anything about it because Bailey did not want witness' father to know it; that Bailey had been dead some time, but that even after his death witness did not inform his father about the whiskey.

Appellant tendered a witness who would have sworn that Bailey had told him that he (Bailey) had sixteen gallons of whiskey in the loft of appellant's house; that it had been put there without

appellant's knowledge, and that he (Bailey) did not know how to get it without appellant knowing it. Upon objection this evidence was excluded as being hearsay testimony. The action of the court was correct. The facts do not bring the present case within the exception permitting such character of evidence. Under the rule as announced in this State, the declarations of a third party admitting his guilt of the crime for which accused is upon trial is not admissible unless the case is one in which the State is relying solely upon circumstantial evidence, and also where the guilt of said third party is inconsistent with the guilt of accused, and also where the facts show that the party making the declaration was so situated that the crime might have been committed by him. The rule followed in this State, even with the limitations mentioned, is a departure from that generally recognized. The subject has been discussed at length, and many of the older authorities reviewed, in the recent case of Stone v. State, 265 S. W. Rep. 900. In the present case, the State was not relying solely upon circumstantial evidence. No charge upon that subject was given or requested.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*