T. G. BECKHAM v. THE STATE.

No. 9234.   Delivered June 17, 1925.

Rehearing Denied October 28, 1925.

**1.—Possessing Intoxicating Liquor—Continuance—Properly Refused.**

Where on a trial for possessing intoxicating liquor, a quantity of whisky and a complete still being found on appellant's premises, his motion for a continuance on account of the absence of a witness, that he alleged that he could prove that one R. D. Wood was connected with the offense which in no manner, if true, would exculpate appellant, such testimony not being material, the motion was properly overruled. Following Dubose v. State, 10 Tex. Crim. App. 230.

**2.—Same—Evidence—Hearsay—Properly Excluded.**

Where a witness for the state had testified that in August, 1923, witness and Wood and Crockett, had gone to within about 300 yards of appellant's house, and Wood got out and went toward appellant's house, and in a short time returned with a half gallon of whisky, there was no error in refusing to permit appellant to prove on cross-examination that Wood said when leaving, "Mr. Beckham may be at home, and I don't want him to know anything about this whisky." Such declaration was hearsay and not admissible.

3.—Same—Confessions of Third Party—Rule Stated.

While it is recognized in some instances, where the state relies solely on circumstantial evidence, to permit testimony that another than appellant was in a position to, and did, commit the offense, and to permit the confession of such party, as to his own guilt, we cannot extend this rule to embrace statements of third parties, which would be hearsay, to exonerate the accused. To do this would open the flood gates of hearsay testimony, and authorize the state to prove hearsay statements by such witnesses tending to show appellant guilty of the offense. The rule should not be extended to include statements by a third party, exculpating, except in so for as his own admission of guilt would do so.

Appeal from the District Court of Brown County. Tried below before the Hon. J. O. Woodward, Judge.

Appeal from a conviction for possessing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*R. L. McGough*, and *Wilkinson & Wilkinson*, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Brown County for the offense of possessing liquor and his punishment assessed a tone year's confinement in the penitentiary.

The facts show that on premises under the control of this appellant, a great deal of mash, equipment sufficient to constitute a still, a great deal of corn syrup and quite a quantity of intoxicating liquors were found. It was in evidence that one A. L. Elliot lived on the place with appellant as a hired hand, and R. D. Wood, a son-in-law of appellant, and Wood's wife also spent part of their time at appellant's house. In addition to these appellant and his wife and some small children lived there.

Appellant introduced testimony tending to show that he was in bad health and that he spent a great deal of his time visiting away from home. The testimony is rather indefinite, however, as to the exact time and duration of the various visits away from home, which he claimed to have made. It is clear that he was at home on the 7th day of September, the day the raid was made when the articles above detailed were found at and around his premises, and that he evaded arrest and shortly thereafter took up his residence in Arkansas.

The appellant offered a motion for a continuance on account of the absence of the witness, Crenshaw. By this witness, appellant alleged that he intended to prove "that during the week in which it is claimed by witnesses for the State that the whiskey and equipment for making whiskey, and the mash were found on the premises occupied by

this defendant, that one R. D. Wood and his wife and one A. L. Elliot were also residing on the place, and that during said time said R. D. Wood, endeavored to employ said witness, Fred Crenshaw, and the use of his car, to carry a quantity of whiskey from said premises to the town of Pioneer in Eastland county, Texas.'' We think this application was properly overruled. We are not able to see the materiality of this absent testimony. Appellant sought to introduce it on the theory that he was proving that some person other than the appellant was guilty of the possession of this liquor. Before we could say that the court erred in refusing to continue this case on account of this testimony, we would have to conclude that this testimony would at least tend not only to show the guilt of Wood but that it would also tend to show the innocence of appellant. In the last respect we think the testimony wholly fails. It has been held that the defendant is entitled to introduce evidence that another party or parties were in a position to have committed the offense and to prove a confession by them when the State relies alone on circumstantial evidence for a conviction. Dubose v. State, 10 Tex. Crim. App. 230. The distinction here noted, however, is expressly stated in that case by Judge Hurt in the following language:

''If, however, the facts show that more than one person participated in the homicide this evidence would possess no tendency to weaken the case as made by the State and should, therefore, be rejected, unless under peculiar circumstances which we will not attempt to give at this time.''

If it be conceded that the testimony of the absent witness would be sufficient to show that R. D. Wood possessed the whiskey found on appellant's premises, it would neverthless be insufficient to show exclusive ownership in the said Wood. In other words, there is nothing in the statement proposed to be proved by the absent witness which negatives the idea that the appellant was jointly guilty with the witness Wood, and in the absence of a showing to this effect, we think that the testimony of the absent witness would not have in any manner weakened the proof against this appellant.

Appellant complains by bill No. 2, at the court's action in the following particular: after the witness Williams had testified that some time in August, 1923, witness and Wood and Crockett went to within about three hundred yards of appellant's house and Wood got out and went toward appellant's house and in a short time returned with a half gallon of whiskey. After he had so testified then the appellant sought to prove by said witness that when Wood left them about three hundred yards from appellant's house to go get the whiskey that he said: ''Mr. Beckham may be at home and I don't want him to know anything about this whiskey, I will go to the house and get the whiskey and bring it back to the car.'' This tes-

timony was excluded; we think this statement was clearly hearsay.

We are aware of the fact that since the Dubose case, supra, it has been held in a certain line of cases that a third party's confession showing his guilt of the crime for which another party is on trial may be introduced where it is shown that the third party was in a position to have committed the offense and where the State relies alone on circumstantial evidence for a conviction. Stone v. State, Hughes v. State, not yet reported. But, so far, no case has been noted that goes further than to justify the admission of the confession of a third party which shows said third party's own guilt. We are asked in this case in effect to extend this rule to include the statement of a third party which would tend to exonerate the person on trial. This would open the flood gates of hearsay testimony and in our opinion no such extension of the rule should be made. If the appellant should be permitted to prove statements made by a third party exonerating him from crime, then by what process of reasoning could it be said that the State should not also be permitted to respond to this testimony with various hearsay statements made by the same witness tending to show appellant guilty of the offense? We have no disposition to criticise the rule stated in the Dubose case, supra, and the cases based thereon. But, in our opinion, the rule should not be extended to include statements by a third party exculpating the party on trial except in so far as his own admission of guilt would do so, and so believing, we overrule appellant's complaint shown by his bill of exceptions number two.

What has just been said also disposes of the questions raised in appellant's bills of exception three and four.

We have carefully considered the charges offered by the appellant and are of the opinion that so far as they are applicable they are covered by the court in his main charge to the jury.

Finding no error in the record it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Our examination of the appellant's motion for rehearing leaves us of the opinion that the proper disposition of the case was made upon the original hearing.

The motion for rehearing is overruled.

*Overruled.*