MANUEL ESCAMILLA v. THE STATE.

No. 12885.   Delivered January 8, 1930.
Reported in 23 S. W. (2d) 376.

The opinion states the case.

*J. C. Looney* of Edinburg, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for five years.

Bill of exception No. 1 deals with the refusal of the court to permit appellant to introduce in evidence a letter written to appellant by Jose Perez, who was appellant's co-principal. It was stated in this letter that Perez alone killed deceased, Matias Garza, and that appellant did not inflict any of the wounds on deceased. The state relied upon direct evidence, the witnesses testifying that appellant and Perez attacked deceased with knives and that Perez stabbed him to death. In cases in which the state relies upon circumstantial evidence alone to establish the guilt of the accused, under certain conditions, the declarations of a third party, admitting his commission of the offense, is a proper matter of proof. Hughes v. State, 276 S. W. 239. We quote from Wise v. State, 273 S. W. 850 as follows:

"Under the rule as announced in this state the declaration of a third party admitting his guilt of the crime for which accused is upon trial is not admissible, unless the case is one in which the state is relying solely upon circumstantial evidence, and also where the guilt of said third party is inconsistent with the guilt of the accused, and also where the facts show that the party making the declaration was so situated that the crime might have been committed by him."

The declaration of Perez was not admissible under the rule to which we have adverted.

It is recited in bill of exception No. 2 that appellant requested the court to give a charge on self-defense. We find nothing in the evidence raising the issue of self-defense. It may be added that it is not shown whether the requested instructions was in writing. Art. 659, C. C. P. requires requested instructions to be in writing.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.