JACK PROCTOR v. THE STATE.

No. 12978. Delivered January 29, 1930.
Rehearing denied March 5, 1930.
Reported in 25 S. W. (2d) 350.

The opinion states the case.

*W. H. Graham* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for one year.

Thad Tarver, a state ranger, went to the Graham hotel in the town of Pecos at the instance of the sheriff for the purpose of detecting violations of the liquor law. Appellant was employed as a bell boy in the hotel. Tarver testified that appellant came to his room and sold him a pint of whisky, the transaction occurring about nine o'clock at night. The witness positively identified appellant as the party from whom he bought the whiskey. Appellant testified that he was not on duty at the hotel on the night of the alleged sale of whiskey; that he went to a picture show which lasted approximately two hours and from there went to the hotel to his room. His testimony was supported by that of other witnesses. An effort was made by appellant and his witnesses to show that a bell boy named Eddie Groves had sold the whiskey to the state's witness. One of appellant's witnesses testified that Groves told him that he (Groves) made the sale to Tarver. This statement appears to have been made after appellant had been arrested and placed in jail. The witness testified that Groves left the hotel after making the statement to him and that he had not returned.

Appellant offered to prove by the witness Patterson that appellant, upon returning from the picture show on the night of the alleged sale, told the witness about having been to the picture show and described what he had seen. It is recited in the bill of exception (No. 1) that the testimony was offered for the purpose of corroborating appellant's testimony to the effect that he had not been in the hotel when the state's witness said he had purchased whiskey from him, but had in fact been at a picture show. The court appended to the bill of exception a qualification which reads as follows: "The state objected to such conversation had between the witness Patterson and defendant on the ground that declarations made by defendant at such time would be self-serving declarations and immaterial and irrelevant to any issue in the case, which objection was by the court sustained; and thereafter defendant did not develop

from the witness what his testimony relative to such conversation would have been nor did he request that the jury be retired to permit him to develop such conversation for the purpose of this bill, so that the court can not agree that witness would have testified relative to such conversation as defendant states in his exception." It is the rule that a bill of exception taken to the refusal of the court to permit a witness to answer a question must show what the answer of the witness would have been. Branch's Annotated Penal Code of Texas, section 212. The qualification of the trial judge has the effect of eliminating from the bill of exception the excluded testimony. In other words, as qualified, the bill of exception fails to show what the answer of the witness would have been. Welch v. State, 122 S. W. 880. If the bill of exception should be considered, we are unable to reach the conclusion that the declarations were not self-serving. In his Annotated Penal Code of Texas, section 90, Mr. Branch states the rule relating to declarations made by the accused in his own favor after the alleged offense as follows:

"Proof of declarations made by defendant in his own favor after the alleged offense was committed is not admissible for him, unless part of the res gestae, or unless admissible to explain an act, confession or conversation offered by the state, or unless it is part of a conversation or statement introduced by the State and on the same subject."

Many authorities are cited in support of the foregoing rule, among them being Foster v. State, 74 S. W. 29; Cyrus v. State, 169 S. W. 679.

Bill of exception No. 2 presents the following occurrence: Appellant's witness Bliss testified that he had a conversation with Eddie Groves about the time of appellant's arrest. The witness was then asked to state the conversation. It is recited in the bill of exception that the witness would have testified, if permitted, that Eddie Groves told him in said conversation that he (Groves) had sold the whiskey to the state's witness. The bill of exception is qualified as follows: "The foregoing bill of exception is qualified in that the court can not agree as to what answer the witness G. E. Bliss would have made to such question because the defendant did not later develop from the witness G. E. Bliss what his testimony relative to such conversation, if any, with Eddie Groves would have been, nor did defendant request that the jury be retired to permit him to ascertain such answer for the purpose of this bill of exception. And excepting therefrom so much of the foregoing bill as sets out what the

answer of the witness would have been to such question, to which answer the court does not agree, the bill of exception is approved and ordered filed." As qualified, the bill of exception is insufficient in that it fails to show what the answer of the witness would have been. Welch v. State, supra. However, if the bill should be considered, we are of the opinion that the objection of the state was properly sustained. The rule is that the declarations of a third party admitting his guilt of the crime for which the accused is upon trial are admissible where the state is relying solely upon circumstantial evidence and the guilt of such party is inconsistent with the guilt of the accused, and the facts show that such party was so situated that he might have committed the crime. Wise v. State, 273 S. W. 850; Stone v. State, 265 S. W. 900. The state did not rely upon circumstantial evidence. The testimony was direct that Tarver purchased whiskey from appellant. Hence the rule contended for by appellant had no application.

The proof showed that at the time Tarver received the whiskey there was a label on the bottle indicating that the liquor was one hundred proof and of high quality. The whiskey was introduced in evidence over appellant's objection with this label on it, as shown by bill of exception No. 3. If the court committed error in permitting the label to be read to the jury—and it is not conceded that error was committed—the matter is not of sufficient consequence to justify a reversal. It was undisputed that the liquor was whiskey. Courts judicially know that whiskey is intoxicating. There being no issue as to the intoxicating quality of the liquor, the reception in evidence of the label could not have aided the jury in resolving any of the issues involved against appellant.

Bill of exception No. 4 deals with a portion of the closing argument of the district attorney. From the recitals in the bill, it is shown that at the time the argument was made, no exceptions or objections were addressed to it. After the close of the trial, counsel for appellant prepared a bill of exception and embraced the argument in said bill. This was inadequate to bring forward for review appellant's complaint. We quote from Harris v. State, 249 S. W. 489 as follows:

"It is conceived that the orderly procedure which must characterize a trial demands that the complaint that in his argument counsel is transcending legitimate bounds should be addressed to the trial judge at the time so that he may determine its propriety and use his authority to counteract any injustice that may portend. It is fair

that the counsel should be accorded occasion to himself withdraw any inaccurate or objectionable feature of his remarks to the jury. When the opposing counsel sits silent, he waives any argument of his adversary than can, in consonance with the orderly administration of justice, be waived. This court has found occasion in the case of Weige v. State, 81 Texas Cr. R. 476 (196 S. W. 524) to express its views on the subject."

See also Alexander v. State, 8 S. W. (2d) 176.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The argument of which complaint is made had reference to the witness Davis who testified that he had been told by Eddie Groves that it was he (Groves) who sold the liquor to Tarver. The comment of the State's attorney was that Davis, in making the statement, was either a liar or worse than a liar, and that he was willing to see an innocent man go to jail. The remarks of counsel are not deemed such as would authorize a review in the absence of objection at the time they were made. It is true that undignified abuse of a witness may and has in some instances resulted in a reversal. The complaint of the remarks is not regarded such as could be reviewed in the absence of exception at the time they were made.

The motion for rehearing is overruled.

*Overruled.*