JOHN BAKER V. THE STATE.

No. 14266. Delivered June 10, 1931.
Rehearing Denied February 24, 1932.

162

The opinion states the case.

*Cunningham & Lipscomb,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Offense, possession of equipment for the manufacture of intoxicating liquor, to-wit, a still; punishment, two years in the penitentiary.

Two officers, Tom Moore and Jack Leonard, testified that they had been watching some barrels of mash for several days; that the first night they saw the mash, they judged it to be raw mash, but that the night before the arrest of appellant they could see that the mash was working and hear it and smell it. They testified that when they first saw appellant he was in a strip of timber sitting within about six feet of the still; that when they saw him appellant picked up a half-gallon fruit jar of whisky and a five gallon keg and ran; that the still was running at the time, that it was cooking; that he carried the keg about sixty or seventy yards south across a fence; that something like ten or fifteen yards after he crossed the fense, he dropped the keg and went about a hundred yards and they caught him and when they caught him the appellant poured out the whisky. One of the officers testified that he was in sight of the appellant all the time during the run; that several shots were fired to stop the appellant while he was running. They also testified that when they first saw the appellant that they also saw a man by the name of Hastens, who was up on top of a bluff near the still, they judged about forty or fifty yards from the still; that when they came up towards the still the man on the bill, Hastens, saw them and ran down by the still, said something to appellant, picked-up something in a sack and ran south with it. One of the officers ran after him but did not overtake him at that time, but afterwards on the same evening arrested him. They testified that when they arrived at the place where the still was, it was in operation and had run off one barrel and had started on the second barrel.

Appellant's wife testified that on the day her husband was arrested she and her husband went to Paris between eight and nine o'clock in a Ford car; that they stayed there until about four o'clock in the evening; that it was about twenty-five miles from Paris to where they lived; that they got home at something like five o'clock; that after they got home, her husband changed his pants and left in a little bit and said he was going down to Mr. Cutler's house, who lived northeast of appellant's house; that about an hour afterwards her husband was brought back to the house by a deputy sheriff under arrest; that it was very near dark at the time. She testified that she was not very well acquainted with Guy Hastens but knew him when she saw him. As to she and her husband being in Paris, she was corroborated by several witnesses. Appellant did not testify in the case.

By several bills of exception appellant complains of the action of the court in excluding the testimony of several witnesses by whom he expected to prove that one Monroe Mullins, who had left the country, stated to them that the still belonged to him and that John Baker, the appellant, did not have anything to do with it. The court in his qualification to said bills stated that the defendant was seeking to have admitted before

the jury the testimony of the witnesses J. H. McClure and Ben Carter to the effect that one Monroe Mullins had said to them that the still in question was his, Mullens', and that appellant didn't have anything to do with it; that the trial court ruled that the alleged confession of Mullens could not be admitted before the jury unless the defendant showed by testimony that Mullens had an opportunity to commit the crime, which the defendant by the testimony of McClure and Carter was seeking to relieve himself of and put on Mullens; that the defendant was told he might offer his testimony showing that Mullens had an opportunity to be guilty of this crime and that if he did show it, then the alleged confession of Mullens would go to the jury, but otherwise it would not; that while the jury was excluded, defendant in an effort to make the testimony of McClure and Carter admissible under the court's rule in regard thereto, introduced the witness Holcomb and on direct examination Holcomb testified that he knew Mullens and knew where the land was that the still in question was found on; that he heard the shooting of the officers on the occasion when defendant was caught at the still; that at the time he was about a mile southeast from said land and saw a man running southeast from the northwest going from the direction of the still; that this man passed within 205 steps of the witness; that the witness knew Monroe Mullens; that on direct examination the witness testified that in his best judgment he thought it was Mullens but on cross-examination he testified that he could not swear who it was; that he was not attempting to swear to who it was at all; that the man he saw running was at least a mile from the property where the still was; that he could not now identify that man and was not even attempting to swear who he was; that the testimony of Holcomb having failed to show that Mullens was present at any time at the place of the crime or that the man he saw running had ever been at the still or was Mullens and having failed to show that the man seen running at the time of the shooting at the place a mile from the still could have translated himself · instantly from the still to a place a mile away from where he was seen, the court ruled that this testimony of Holcomb was irrelevant and immaterial and could not go to the jury and that the testimony of McClure and Carter about Mullens' alleged confession could not go to the jury until the defendant showed by some kind of testimony that Mullens had an opportunity to commit the crime; that as to the refusal of the court to permit the testimony of one Bob Littrell that there was never any relevancy shown between defendant's defense and the proffered testimony to the effect that Monroe Mullens had gone through a place two and a half miles from the place defendant was seen at the still and that the testimony taken together with all the testimony offered by the defendant about Monroe Mullens in order to make the alleged confession admissible never got Mullens any closer than one mile of the still; that had the testimony

ever established even scantily that Mullens had ever been in a position where he had an opportunity to commit the crime, then that said testimony, together with the testimony of McClure and Carter to the effect that Mullens had told them that he, Mullens, alone possessed this still and that Baker had nothing to do with it, would have been admitted before the jury.

We quote from Wise v. State, 101 Texas Crim. Rep., 58, 273 S. W., 850: "Under the rule as announced in this State, the declarations of a third party admitting his guilt of the crime for which accused is upon trial is not admissible unless the case is one in which the State is relying solely upon circumstantial evidence, and also where the guilt of said third party is inconsistent with the guilt of accused, and also where the facts show that the party making the declaration was so situated that the crime might have been committed by him."

Under the judge's qualification to the bills the declarations of Mullens were not admissible under the rule to which we have adverted.

By bills of exception Nos. 6 and 7 appellant objected to the admission of testimony by the arresting officers that after they had arrested appellant they saw Mrs. Baker, appellant's wife, about a mile or a mile and a half south and west of appellant's house in an automobile with Guy Hastens and some other lady they didn't know; that she was going west and they were going east towards appellant's house; that she was coming from the direction of appellant's home. The court qualified the bills to the effect that the officers were permitted to testify in rebuttal of the testimony of appellant's wife as to where she was when appellant was arrested and brought to her. We think the evidence was admissible under the court's qualification.

By bills of exception Nos. 8, 9, 10, 11 and 12 complaint is made of the action of the trial court in not defining the word "possess" to mean care, control and management, and by restricting the meaning of the word "possess" and limiting the same by the use of the words "any" and "some" with reference to care, control and management.

The court charged the jury in part as follows:

"A—In order for the State to secure the conviction of a defendant on the charge of unlawfully possessing a still for the purpose of manufacturing intoxicating liquor, the State must establish to the satisfaction of the Jury, beyond a reasonable doubt, that the defendant exercised some care of control over and management of the still in question.

"B—Now, if from the evidence or lack of evidence in this case, there exists in your minds a reasonable doubt as to whether John Baker exercised any care of, control over or any management of the still which has been testified about, then it is your duty to resolve such doubt in favor of the defendant and acquit him.

"In connection with the law given you in paragraph No. 4 of this cha.rge, you are further instructed that the proof (if made) of the mere presence of a person at a place where a still is being operated, without other proof establishing in your minds beyond a reasonable doubt that the defendant was exercising some care or control over or management of said still, is not sufficient to convict the defendant. If you believe from the evidence, beyond a reasonable doubt, that John Baker was present at a place where a still was being operated in the manufacture of whiskey but still you fail to believe from the evidence beyond a reasonable doubt that the defendant Baker was exercising some care or control over or management of said still, you will acquit the defendant."

In our opinion the exceptions to said charge are not well taken, as the jury could not have been misled as to what was meant by the term "possess". The charge affirmatively presented the defense of the appellant.

By bill of exception No. 13 complaint is made of the action of the court in refusing appellant's application for a continuance because of the absence of certain witnesses. The court qualified said bill by stating that this was not appellant's first motion for a continuance and appellant did not use any diligence to procure the attendance of said witnesses, although he was at liberty on bail practically all of the time since the indictment was returned; that the case had been tried once before and a new trial had been granted because of improper argument; that nothing was shown in said motion to excuse appellant for not getting out and having served and having returned process for these witnesses, and that the absent testimony was plainly in effect merely cumulative of abundant testimony present in court on the same point; that no showing was made on the motion for new trial by affidavit or otherwise that the absent witnesses would have testified as alleged had they been present, nor was any excuse shown for not so showing. Under these circumstances, no error is shown in overruling appellant's application for a continuance.

Believing the evidence is sufficient to support the conviction and no reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The rejection of testimony to the effect that one, Monroe Mullens, had said to McClure and Carter that the still at which the appellant was seen, and from which he fled, as

shown in the original opinion, belonged to Mullens and that Baker had nothing to do with it, is assailed in the motion. The conclusion reached and stated upon the original hearing is deemed correct. The conditions which sanction the reception of evidence of a hearsay declaration of a third party confessing his guilt of the offense for which one accused of crime is on trial, are not regarded as present in the instant case. The purported confession of Mullens of his guilt is not inconsistent with the guilt of the accused. The offense is one in which more than one might participate. Mullens' ownership of the still is not inconsistent with the possession of it by the appellant. The reception in evidence of that part of Mullens' statement that "Baker had nothing to do with it", finds no sanction in any of the precedents so far as we are aware. The declaration of this court in Beckham v. State, 101 Texas Crim. Rep., 487, 276 S. W., 240, as understood, is directly to the contrary. The admissibility of such testimony is influenced by the facts of the case on trial. In the present instance, with unusual care in instructing the jury, the court conserved the rights of the accused. An approved instruction was given upon the law of circumstantial evidence.

In the charge of the court the jury was told in substance that though they might believe, beyond a reasonable doubt, that the appellant unlawfully manufactured intoxicating liquor, unlawfully possessed such liquor, or unlawfully transported it, an acquittal must be accorded him unless they believe, beyond a reasonable doubt, that he unlawfully possessed equipment for the unlawful manufacture of intoxicating liquor.

The term "possessed" was defined in the court's charge in approved language, and the jury was instructed to acquit the accused unless from the evidence they believed beyond a reasonable doubt that Baker was exercising some care, control or management of the still.. The jury was also told in appropriate language that the mere presence of the accused at the place where the still was operated was not enough to warrant his conviction. The State's testimony went far beyond the mere presence of the accused, and is regarded as sufficient to support the verdict. The fact (if it be a fact) that the still may have belonged to some one else, or that others may have participated with the appellant in its operation or in its possession, would not necessarily exculpate the accused.

Deeming the treatment in the original opinion upon the other matters advanced in the motion to make proper disposition of them, their further discussion will be pretermitted.

The motion is overruled.

*Overruled.*