CLARENCE STINSON V. THE STATE.

No. 15931.   Delivered May 24, 1933.
Reported in 60 S. W. (2d) 773.

The opinion states the case.

*Hamilton, Fitzgerald & Grundy,* of Memphis, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for 25 years.

The state's testimony was, in substance, as follows: Appellant and another man entered the First National Bank of Lake View between 1:15 and 1:35 p. m., on the 14th day of May, 1932, and took from the possession of W. W. Williamson, cashier, approximately $1500.00 in money. At the time of the robbery appellant and his companion exhibited a pistol and forced Mr. Williamson and the assistant cashier to enter the vault. Appellant in person took possession of the money.

Testifying in his own behalf, appellant denied that he was present on the occasion of the robbery, and declared that he was not involved in the transaction in any manner. He testified that at the time of the robbery, he was in another town engaged in hauling supplies and whisky to and from a still.

Mr. Williamson and the assistant cashier positively identified appellant as one of their assailants.

In his amended motion for a new trial appellant set up newly discovered evidence, and appended to the motion several affidavits. The affidavit of Joe Edwards was to the effect that he had entered a plea of guilty under an indictment charging him with the robbery of the bank in question; that he was one of the paticipants in the robbery and was aided therein by one George Tyler; that on the day of the robbery he and Tyler left Childress in the morning and drove to Lake View, the scene of the robbery; that, acting together, they entered the bank and committed the offense; that leaving the bank they drove to the home of Fred Nivens, remaining there until after dark; that he knew Clarence Stinson (appellant) and knew that he had nothing to do with the robbery of the Lake View bank; that he did not tell anybody about the matter until after he had learned that appellant had been convicted; that at that time he advised appellant's attorney that appellant was not involved in the transaction. The affidavit of Fred Nivens was, in substance, that Joe Edwards came to his house with a man he (Edwards) called George on the afternoon of the day of the robbery; that Edwards and George appeared to be nervous and asked his permission to spend the night at his home; that both parties stated that they wanted to get out of the country that night; that they left his house about nine o'clock that night, and that he had not heard of them since; that his home was about 15 miles from the scene of the robbery; that he was acquainted with Clarence Stinson (appellant); and that the man with Joe Edwards was about the same size as Clarence Stinson and bore considerable resemblance to him. In her affidavit, Joe Edwards' wife stated that her husband left their home about daylight on the day the bank was robbed with a man who had been to see him on the

previous day; that prior to leaving home she had heard her husband and this man talking in an adjoining room about the Lake View bank; that as the man left she heard him tell her husband that he would be by early for him, and that everything was 'all set for the job"; that she knew Clarence Stinson and the man who left with her husband was not Clarence Stinson; that she did not know her husband's companion. Appellant's affidavit and the affidavit of his attorneys set up facts as to the exercise of diligence.

We deem it unnecessary to determine whether the new testimony could have been secured prior to appellant's trial by the exercise of reasonable diligence. Edwards was under indictment, and had been convicted for the same offense for which appellant had been indicted and convicted, and, hence, by the express provisions of article 711, C. C. P., was not a competent witness for appellant. If, therefore, appellant had offered Edwards as a witness to prove that he (appellant) was not present at the time of the robbery and did not participate in it, but that Edwards and George Tyler alone committed the offense, Edwards' testimony would have been excluded upon objection by the state. It is well settled that one accused of crime may show that another person committed the offense with which he is charged, where the guilt of such other person would be consistent with the innocence of the accused. But this proof must be by competent evidence. Walsh v. State, 211 S. W., 241, 245.

Edwards not being being a competent witness, the question is: Would it be proper to receive his declarations in evidence? In Walsh v. State, supra, the position was taken by the appellant that, notwithstanding the fact that the witness confessing his guilt and exculpating the appellant was not competent under the statute, yet nevertheless, his exculpating declarations were properly receivable when testified to by the party to whom the declarations were made. In reaching the conclusion that this position was not tenable, the court said: 'If the contention of appellant on the phase of the case we are discussing is sound, it would illustrate what seems to the writer an anomalous condition of the rules of evidence in this state, because, while under express statutes he could not put Miller on the witness stand and prove by him under oath any fact exculpating appellant, he could prove an exculpating declaration made by Miller, not under oath, and out of court, to a third party, by introducing the third party as a witness and making proof that Miller had made the statements to him. See, also, Hughes v. State, 276 S. W., 239, and authorities cited.

Again, the state did not rely upon circumstantial evidence.

The testimony identifying appellant as the perpetrator of the crime was direct and positive. The declarations of a third party admitting his guilt of the crime for which the accused is upon trial are admissible where the state is relying solely upon circumstantial evidence and the guilt of such party is inconsistent with the guilt of the accused, and the facts show that such party was so situated that he might have committed the crime. Proctor v. State, 25 S. W. (2d) 350; Wise v. State, 273 S. W., 850; Stone v. State, 265 S. W., 900.

Aside from the declarations of Edwards, the witnesses alleged to be newly discovered would testify that they saw Edwards with another man before the robbery in a town some distance removed from Lake View, and that he was with another man 15 miles away from the scene of the robbery after the offense had been committed; and, further, that he left at night with this man; and, again, that the man Edwards was with, on the occasions the newly discovered witnesses mentioned, was not appellant. In addition to this, the witnesses would testify to some declarations made by Edwards and this man at the time they saw them together. That the declarations last mentioned would not be admissible is shown in our discussion relative to the declaration of Edwards to the effect that he committed the offense. The remainder of the new testimony is not inconsistent with the state's case.

If the facts proposed to be proven by the newly discovered testimony are not inconsistent with the state's case, the motion for new trial is properly overruled. Branch's Annotated Penal Code, sec. 201; McFadden v. State, 71 S. W., 972. We are not impressed with the view that the new testimony is such as would likely change the result if produced upon another trial. Bruce v. State, 21 S. W., 681. The action in overruling a motion for a new trial, based on newly discovered evidence, will not be revised, unless it is apparent that the discretion vested in the trial judge has been abused to the prejudice of the accused. Cooke v. State, 24 S. W. (2d) 427.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.