RAYMOND R. CAMERON V. STATE.

No. 24228. February 2, 1949.

No attorney of record on appeal for appellant.

*Ben J. Dean,* District Attorney, *Breckenridge,* and *Ernest S. Goens,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Burglarly is the offense; the punishment, five years in the penitentiary.

Bloxom's feed store at Breckenridge was burglarized at night. Entry was made after breaking an upper window from an adjoining roof. A big safe in the building was broken open and there was taken therefrom and carried away what is re-referred to as a "little" safe, which contained $166.55. A purse belonging to appellant and containing his picture and numerous identification papers was found near the small window through which entrance was gained to the building. The little safe was found the next morning near a public highway about four miles from Cisco. It had been broken open and the contents taken. A black coupe similar to that owned by appellant was seen to leave the place where the small safe was found.

Appellant was arrested three days later, while driving a black Ford coupe in which was found a pinch bar which had paint thereon similar to that on a piece of board left in the large safe when the little safe was pried out and similar to that found on the inside of the small safe. Paint found in the turtle back of the car was similar to that found on the small safe. Fragments of newspapers found at the place where the little safe had been broken open matched those found in the turtle back of the car.

The conclusion is reached that the foregoing circumstances were sufficient to warrant the jury's conclusion that appellant was a guilty participant in the burglary.

Appellant did not testify. His defense was that of "alibi."

By Sec. 5 of Art. 642, C. C. P., counsel for the accused is authorized to make a statement as to the nature of the defenses relied upon and the facts expected to be proved in support thereof. Appellant requested permission to make this statement in person. This request the trial court refused, but offered to permit appellant's counsel to make the statement. The offer was not accepted. The right accorded by said statute is to be exercised by counsel but is to be exercised by the accused, in person, only when it is shown that counsel could not make the statement. No such showing was made.

No error appears in the ruling of the trial court. Foster v. State, 148 Tex. Cr. R. 372, 187 S. W. (2d) 575.

By a bill of exception it is made to appear that one of appellant's counsel had occasion a short time before the trial of this case, to interview one Clyde Armstrong, who, at that time, was in the city jail at Fort Worth. In this interview (quoting from the bill), Armstrong admitted to the attorney and to another person that "he (Armstrong) had burglarized the feed store for which this defendant was being tried, and that it was *him* who dropped the pocket book containing the picture and the identification papers of the defendant, and that the defendant was not with him and had nothing to do with the burglary."

Appellant offered to prove this statement of Armstrong's as a confession on the part of another of the commission of the offense for which appellant was on trial.

The objection of the state to such proof was sustained.

The rule controlling appears to be that the declarations of a third party admitting his guilt of the crime for which the accused is upon trial are admissible when the state is relying solely upon circumstantial evidence, when the guilt of such party is inconsistent with the guilt of the accused, and when the facts show that such party was so situated that he might have committed the crime. 18 Tex. Jur., Sec. 63, p. 129. Proctor v. State, 114 Tex. Cr. R. 383, 25 S. W. (2d) 350; Wise v. State, 101 Tex. Cr. R. 58, 273 S. W. 850; Stone v. State, 98 Tex. Cr. R. 364, 265 S. W. 900; Morris v. State, 131 Tex. Cr. R. 338; 98 S. W. (2d) 200; Baker v. State, 119 Tex. Cr. R. 161, 46 S. W. (2d) 680.

While it is true the instant case was one solely of circumstantial evidence, one of the elements of the rule stated is lacking—that is, there is no showing that Armstrong was so situated that he might have committed the burglary.

The conclusion is reached that the proffered testimony was not admissible.

Bills of exception complain of the receipt in evidence of certain tools found in appellant's car after his arrest, the objection being that the search of the car was unlawful and made without a search warrant or probable cause. There is nothing in the bills of exception showing that the objections were, in fact,

true. Mere statement of grounds of objection in a bill of exception does not establish as true those objections.

The jury not having enhanced appellant's punishment under the allegations of the indictment as to prior convictions, the bills of exception complaining thereof are not to be considered.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.